TINA VELANTZAS, PLAINTIFF–APPELLANT, v. COLGATE–PAL-MOLIVE COMPANY, INC., LICENSED TO DO BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued November 10, 1987—Decided January 27, 1988.

*Tina Velantzas* argued the cause pro se.

*William D. Joachim* argued the cause for respondent (*Schumann, Hession, Kennelly & Dorment,* attorneys).

PER CURIAM.

We granted certification, 108 *N.J.* 569 (1987), primarily to consider whether a retaliatory discharge of an at-will employee for pressing an employment discrimination claim constitutes a discharge that violates clearly mandated public policy interests of the State of New Jersey. We find that the parties are not in substantial disagreement on this principle of law. They differ, however, on the absence of any factual basis for that claim sufficient to entitle defendant to summary judgment at an early stage of the proceedings when the case was not fully developed.

Neither lower court opinion focused on whether there was a sufficient factual basis for plaintiff's claim. Rather, both courts viewed the matter as one more of law than of fact. They perceived plaintiff's complaint as stating only that she was terminated for asking to see her records; such a discharge, they reasoned, offended no clearly mandated public policy.

The trial court, although recognizing that there was some question whether plaintiff was terminated for the employers' ostensible reason—a reorganizational layoff—, nonetheless reasoned that it could not "find as a matter of law that the charge that plaintiff makes of retaliation for asking to see her personnel file constitutes a violation of public policy of the type contemplated by the cases that have been decided by our appellate courts." The Appellate Division also recognized that there was a genuine issue of material fact "as to the truthfulness of the reasons given for her termination," but concluded that although the action was a "mean spirited retaliatory gesture" it did not offend any principle of public policy. However, the court did not specify the basis for the employer's retaliation.

An employer can fire an at-will employee for no specific reason or simply because an employee is bothering the boss. However, a terminated at-will employee has a cause of action against the employer for wrongful termination when the dis-

charge violates state law or public policy. *Pierce v. Ortho Pharmaceutical Corp.*, 84 *N.J.* 58 (1980). Questioning the reasons for a discharge when discrimination is suspected is an activity that has society's *imprimatur,* for unless claimants can inquire into the basis for their discharge, a suspicion of employment discrimination may never be substantiated. The public policy of the State of New Jersey should protect those who are in good faith pursuing information relevant to a discriminatory discharge. The question is whether plaintiff's complaint and exhibits may be viewed as alleging employment discrimination or retaliatory discharge for requesting information relevant to substantiating these claims.

■ The test for determining the adequacy of a pleading is whether a cause of action is suggested by the facts. *Pressler, Current N.J. Court Rules,* Comment R. 4:6–2 at 741 (1988) (citing *Muniz v. United Hosps. Medical Center Presbyterian Hosp.*, 153 *N.J.Super.* 79 (App.Div.1977)). Because the matter is presented on defendant's motion for summary judgment, we assume the facts as asserted by plaintiff are true and give her the benefit of all inferences that may be drawn in her favor. *Pierce v. Ortho Pharmaceutical Corp., supra,* 84 *N.J.* at 61. From this perspective, we cannot agree with the lower courts' determination that plaintiff's complaint could be dismissed at this preliminary stage in the proceedings.

Plaintiff alleges that she was passed over for promotion in favor of less-qualified male candidates and that she was fired because she sought to examine her personnel records to establish a gender discrimination claim. Plaintiff's complaint and her supporting papers may be read to state a recognized claim under New Jersey's law: that she was discriminated against in her employment by reason of her gender; or alternatively, that she was discharged for seeking to establish (by demanding her personnel file) a gender discrimination claim. Given all favorable inferences that must be accorded her under the procedural posture of this case, plaintiff's factual recitals, if true, would

make out a prima facie cause of action.[1] The record in this case does not disclose the extent of discovery afforded to defendant or whether it was complete.

 Generally, we seek to afford "every litigant who has a bona fide cause of action or defense the opportunity for full exposure of his case." *United Rental Equip. Co. v. Aetna Life and Casualty Ins. Co.*, 74 *N.J.* 92, 99 (1977) (citing *Robbins v. Jersey City*, 23 *N.J.* 229, 240–41 (1957)). When "critical facts are peculiarly within the moving party's knowledge," it is especially inappropriate to grant summary judgment when discovery is incomplete. *Martin v. Educational Testing Serv., Inc.*, 179 *N.J.Super.* 317, 326 (Ch.Div.1981). In such cases the standard remains that of *Bilotti v. Accurate Forming Corp.*, 39 *N.J.* 184, 193 (1963):

> Since this suit is in an early stage and still not fully developed, we ought to review a judgment terminating it now from the standpoint of whether there is any basis upon which plaintiff should be entitled to proceed further.

The basis upon which this plaintiff should be entitled to proceed further is the resolution of two factual questions not addressed below: (1) whether plaintiff was discriminated against in her employment by reason of gender, or (2) whether plaintiff was subject to a retaliatory discharge for pressing an employment discrimination claim.

We surmise that the inarticulation of any findings on these issues may have been due in part to some want of precision on

---

[1] Under federal employment discrimination law, a retaliatory discharge for engaging in the "protected activity" of pursuing an employment discrimination claim is in itself a discriminatory discharge. *Wrighten v. Metropolitan Hosps., Inc.*, 726 *F.*2d 1346, 1354 (9th Cir.1984) (citing 42 *U.S.C.A.* 2000e–3); *see also Gemmell v. Meese*, 655 *F.Supp.* 577, 583 (E.D.Pa.1986) ("To prove her retaliation claim, plaintiff has the burden of proving (1) that she engaged in protected activity, which was known by the alleged retaliator; (2) that an adverse action was taken against her; and (3) that there was a causal connection between the protected activity and the retaliation. (citation omitted). If plaintiff can establish a prima facie case, 'the burden of production shifts to the defendant employer to articulate some legitimate, nonretaliatory reason for the adverse action.'" (quoting *Wrighten, supra,* 726 *F.*2d at 1354).)

plaintiff's part in framing her pleadings. She has included in her complaint and supporting papers many aspects of her employment relationship that have undoubtedly grieved her but which state no claim recognized under New Jersey law. *See Woolley v. Hoffmann–LaRoche, Inc.*, 99 *N.J.* 284, 309, *modified*, 101 *N.J.* 10 (1985) (employer's policy statements may constitute contract limiting its right to fire at-will employees, but absent such contract, employer continues "to have the absolute power to fire anyone with or without good cause"); *Ware v. Prudential Ins. Co.*, 220 *N.J.Super.* 135, 142 (App.Div. 1987) (declining to extend *Woolley* to situation where management employee had written contract expressly stating his employment was at will and where documents distributed to him to guide his supervision of lower level employees were silent with respect to his own employment rights).

■ Nonetheless, read most indulgently, as they must be on a motion for summary judgment, *Judson v. Peoples Bank and Trust Co.*, 17 *N.J.* 67, 73–75 (1954), plaintiff's pleadings, factual recitals, and allegations suggest a cause of action. Rather than being dismissed, her complaint may be amended, if necessary, to "conform to the requisites" for establishing defendant's responsibility predicated on the facts alleged. *Muniz, supra*, 153 *N.J.Super.* at 81. If, on completion of discovery, including access to the relevant employment records and evaluations, it appears to the trial court that there is no triable issue of fact on whether employment decisions on plaintiff's promotion or retention were gender-based or whether her discharge was in retaliation for seeking to assert such claims, then it would be appropriate to dismiss her complaint. *Id.* at 83.[2] We leave undisturbed the lower courts' dismissal of plaintiff's claims for

---

[2]An employer is, of course, free to discharge an employee if a genuine "personality conflict" exists, *Wheeler v. Snyder Buick, Inc.*, 794 *F.*2d 1228, 1233 (7th Cir.1986), or to achieve a reduction in force, *Pendleton v. New York State Dep't of Correctional Servs.*, 615 *F.Supp.* 522, 526 (D.C.N.Y.1985), *aff'd*, 788 *F.*2d 6 (2nd Cir.), *cert. denied,* —— *U.S.* ——, 107 *S.Ct.* 131, 93 *L.Ed.*2d 75 (1986).

defamation and for malicious interference with her other employment opportunities. The lukewarm or vague references complained of by plaintiff fall far short of mistruth or malice. Should the discovery relevant to the employer's reasons for discharge disclose evidence of such malice or mistruth, reinstatement of those claims may be reconsidered. The record furnished to us does not disclose, however, whether the statute of limitations issue raised by defendant was a basis for dismissal of the defamation claims.

For the reasons stated, the judgment of the Appellate Division is reversed and the matter is remanded to the trial court for proceedings consistent with this opinion.

*For reversal and remandment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.

---

However well-intended the euphemisms of personnel managers may be, failing candidly to state the reasons for a discharge may cloud the factfinding process.