NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5144-14T2

DAVANNE REALTY COMPANY,

 Plaintiff-Appellant,

v.

THE DIAL CORPORATION,

 Defendant-Respondent.

________________________________________________________________

 Argued January 10, 2017 – Decided June 23, 2017

 Before Judges Rothstadt and Sumners.

 On appeal from the Superior Court of New
 Jersey, Law Division, Passaic County, Docket
 No. L-3517-14.

 Craig S. Provorny argued the cause for
 appellant (Herold Law, P.A., attorneys; Mr.
 Provorny, on the briefs).

 Camille V. Otero argued the cause for
 respondent (Gibbons P.C., attorneys; Ms.
 Otero, of counsel; Paul M. Hauge, on the
 brief).

PER CURIAM

 Plaintiff Davanne Realty Company owns land in Clifton that

is occupied by defendant The Dial Corporation pursuant to a long-
term lease. Prior to this action, both parties had been named as

third-party defendants in a lawsuit relating to the environmental

contamination of the Passaic River and Newark Bay. The parties

settled that litigation and plaintiff filed suit seeking

indemnification and contribution from defendant. The Law Division

dismissed the complaint with prejudice for failure to state a

claim upon which relief can be granted, R. 4:6-2(e). The motion

judge relied upon language in the indemnification clause of the

parties' lease that he determined restricted defendant's liability

for contamination from its operations to an area "in or about the

property" that did not include the area that was the subject of

the prior lawsuit, which the judge found was "over twenty miles

away." The judge further determined that the lease did not

contemplate "environmental or related damages."

 On appeal, plaintiff argues that in dismissing its complaint,

the motion judge failed to recognize the parties' intent that

plaintiff "be relieved of any and all liability caused by

[defendant]'s acts" as demonstrated in their lease. It also

contends that the lease "unequivocally required [defendant] to

defend and indemnify [plaintiff] for [plaintiff]'s liabilities

arising from [defendant]'s acts." We agree and reverse.

 In reviewing the disposition of a motion to dismiss for

failure to state a claim, we employ the same standard applied by

 2 A-5144-14T2
the motion court. Donato v. Moldow, 374 N.J. Super. 475, 483

(App. Div. 2005). "In a Rule 4:6-2(e) motion, the court reviews

the complaint to determine whether the allegations suggest a cause

of action[.]" In re Reglan Litig., 226 N.J. 315, 324 n.5 (2016)

(citing Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J.

739, 746 (1989)), cert. denied, PLIVA, Inc., v. Kohles, ___ U.S.

___, 137 S. Ct. 1434, 197 L. Ed. 2d 648 (2017). "At this

preliminary stage of the litigation [we are] not concerned with

the ability of plaintiff to prove the allegation contained in the

complaint." Printing Mart-Morristown, supra, 116 N.J. at 746.

Rather, the court's "inquiry is limited to examining the legal

sufficiency of the facts alleged on the face of the complaint" to

determine "whether a cause of action is 'suggested' by the facts."

Ibid. (first citing Rieder v. Dep't of Transp., 221 N.J. Super.

547, 552 (App. Div. 1987); then quoting Velantzas v. Colgate-

Palmolive Co., 109 N.J. 189, 192 (1988)). Dismissal is appropriate

only if, after proper consideration of the complaint and referenced

documents, there remains "no basis for relief and discovery would

not provide one[.]" Banco Popular N. Am. v. Gandi, 184 N.J. 161,

166 (2005); see also N.J. Citizen Action, Inc. v. Cty. of Bergen,

391 N.J. Super. 596, 605-06 (App. Div.), certif. denied, 192 N.J.

597 (2007).

 3 A-5144-14T2
 Applying this standard, we turn to plaintiff's complaint and

its allegations about the parties' lease and the underlying lawsuit

that they settled. The parties' predecessors in interest entered

into the lease in 1958. The lease required the landlord to

construct a building on the premises for the tenant's sole use and

occupation. After construction of the premises, defendant or its

predecessors were in sole possession of the property and were the

only entities that conducted operations from the demised premises.

 The lease imposed upon the tenant all obligations associated

with the property. For example, at the outset, the lease stated

the parties intended that, except for the landlord's mortgage

obligation, the tenant was responsible for "all costs, charges,

expenses and damages that . . . could have been chargeable during

the said term, against the said leased premises and/or payable by

the Lessor[.]" Similarly, paragraph 4(a) of the lease imposed

upon the tenant all payments required "by virtue of any present,

or future, law, order, or ordinance of the United States of

America, or of the City of Clifton, County of Passaic, or State

of New Jersey, or of any department, officer, or bureau thereof."

(emphasis added). Paragraph 7(b) imposed on the tenant the

obligation to comply with all laws, present or future, associated

with the use of the premises. It specifically required the tenant

to be liable for "all costs, expenses, claims, fines, penalties

 4 A-5144-14T2
and damages that may, in any manner, arise out of, or be impose[d]

because of, the failure of the Lessee to comply with this

covenant." Paragraph 10 of the lease required the tenant to obtain

and maintain liability insurance "for the benefit of" the landlord,

"protecting the Lessor against any and all liability occasioned

by accident, or disaster[.]"

 The indemnification clause was set forth in paragraph 13 of

the lease. It stated:

 That the Lessee shall indemnify and save
 harmless the said Lessor from and against any
 and all claims, suits, actions, damages and/or
 causes of action arising, during the term of
 this lease, for any personal injury, loss of
 life and/or damage to property sustained in,
 or about, the demised premises, or the
 buildings and improvements thereon, or the
 appurtenances thereto, or upon the adjacent
 sidewalks, or streets, and from and against
 all costs, counsel fees, expenses and
 liabilities incurred in and about any such
 claim, the investigation thereof, or the
 defense of any action, or proceeding, brought
 thereon, and from and against any orders,
 judgments and/or decrees, which may be entered
 therein.

 The litigation in which the parties were named as third-party

defendants arose from an action originally commenced by the New

Jersey Department of Environmental Protection in 2005. Two of the

named defendants in that action joined plaintiff and defendant

pursuant to the Spill Compensation and Control Act (Spill Act),

 5 A-5144-14T2
N.J.S.A. 58:10-23.11 to -23.24.1 The third-party complaint alleged

that during the period plaintiff or its predecessor owned the

subject property, defendant or its predecessors discharged

hazardous materials on the property, and that the discharged

hazardous materials migrated into the Passaic River/Newark Bay

Complex. It also alleged defendant's predecessor periodically

spilled highly concentrated detergents, which washed from the

property into the storm sewer and into the Passaic River.

 Four years later, the parties settled the litigation by

plaintiff and defendant each agreeing to pay $195,000 to the third-

party plaintiffs. The terms of the settlement were incorporated

into a consent judgement that also provided that the parties

reserved their right to assert claims against any entity for

contribution and cost recovery, including claims for contribution

for "[d]ischarges of hazardous substances at or from" third-party

defendants' property sites.

 Plaintiff paid its share of the Passaic River/Newark Bay

settlement amount and later filed this action seeking contribution

and indemnification from defendant. The complaint alleged

plaintiff was entitled to "contractual indemnification," "Spill

Act contribution," and "statutory contribution" pursuant to the

1
 The parties here were among approximately three hundred third-
party defendants named in the underlying action.

 6 A-5144-14T2
Joint Tortfeasor Act, N.J.S.A. 2A:53A-1 to -48. Defendant filed

its motion to dismiss in lieu of an answer to the complaint and

the motion judge entered an order on June 30, 2015 dismissing the

complaint.

 Against this background, we conclude that plaintiff

sufficiently pleaded claims upon which relief could be granted if

the allegations are proven. We believe the motion judge read the

parties' lease too narrowly and failed to consider the lease as a

whole when he granted defendant's motion.

 "[T]he polestar of construction of a contract is to discover

the intention of the parties." Jacobs v. Great Pac. Century Corp.,

104 N.J. 580, 582 (1986) (quoting Kearny PBA Local No. 21 v. Town

of Kearny, 81 N.J. 208, 221 (1979)). "Courts enforce contracts

'based on the intent of the parties, the express terms of the

contract, surrounding circumstances and the underlying purpose of

the contract.'" Manahawkin Convalescent v. O'Neill, 217 N.J. 99,

118 (2014) (quoting Caruso v. Ravenswood Developers, Inc., 337

N.J. Super. 499, 506 (App. Div. 2001)); see also Celanese Ltd. v.

Essex Cty. Improvement Auth., 404 N.J. Super. 514, 528 (App. Div.

2009). "[T]o discover the intention of parties to a contract [a

court should consider] the particular contractual provision, an

overview of all the terms, the circumstances leading up to the

formation of the contract, custom, usage, and the interpretation

 7 A-5144-14T2
placed on the disputed provision by the parties' conduct.'" VRG

Corp. v. GKN Realty Corp., 135 N.J. 539, 548 (1994) (quoting

Jacobs, supra, 104 N.J. at 582); see also Washington Constr. Co.,

Inc. v. Spinella, 8 N.J. 212, 217 (1951) ("[a] contract must be

construed as a whole and the intention of the parties is to be

collected from the entire instrument and not from detached

portions" (citation omitted)).

 Reading the parties lease as a whole, we conclude that its

indemnification clause encompassed plaintiff's claim for relief

as stated in its complaint. First, the lease called for the

construction of a building that was to be used by the tenant

exclusively. Second, the lease was a "triple net lease," "in

which a commercial tenant was to be responsible for 'maintaining

the premises and for paying all utilities, taxes and other charges

associated with the property.'" Geringer v. Hartz Mountain Dev.

Corp., 388 N.J. Super. 392, 400 n.2 (App. Div. 2006) (quoting N.J.

Indus. Props. v. Y.C. & V.L., Inc., 100 N.J. 432, 434 (1985)),

certif. denied, 190 N.J. 254 (2007). Third, the lease expressly

stated that it was the parties' intention that the tenant would

pay any damages chargeable against the landlord. Fourth, the

lease required the tenant be solely responsible for compliance

with any future laws and for violations thereof as well as for any

claims arising from its operations. Here, plaintiff's complaint

 8 A-5144-14T2
stated that the alleged contamination that gave rise to the third-

party complaint filed against the parties pursuant to the Spill

Act – a law that did not exist until many years after the lease

was executed - was solely the result of defendant's or its

predecessor's operations.

 Finally, the indemnification clause also expressed an

intention that the tenant would be obligated to hold the landlord

harmless from any claims for "damages and/or causes of action

arising, . . . for . . . damage to property sustained in, or about,

the demised premises . . . ." and "from and against all . . .

liabilities incurred in and about any such claim . . . ." Contrary

to the motion judge's reading of that language, we conclude that

it did not impose any distance limitation on damages sustained by

other property owners arising from contamination caused by

defendant's operations. When the lease is read in its entirety,

it demonstrates an intent to hold plaintiff harmless for all such

liabilities arising from defendant's use and does not contain

ambiguous provisions that require interpretation.2 See Hardy ex

2
 The motion judge initially found the words "in or about" in
the indemnification clause to be "unambiguous." Yet, the judge
"interpreted" those three words without "read[ing] the document
as a whole in a fair and common sense manner." Hardy ex rel.
Dowdell v. Abdul-Matin, 198 N.J. 95, 103 (2009).

 9 A-5144-14T2
rel. Dowdell, supra, 198 N.J. at 103; Washington Constr. Co.,

Inc., supra, 8 N.J. at 217.

 Of course, the allegations of the complaint are subject to

the proofs developed through discovery and, if necessary, trial.

At this stage, however, it was an error to dismiss the complaint.

 Reversed and remanded for further proceedings consistent with

our opinion. We do not retain jurisdiction.

 10 A-5144-14T2