**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1523-15T2

ANTHONY CZYZ and
CATHERINE CZYZ,

    Plaintiffs-Appellants,

v.

CARRINGTON MORTGAGE
SERVICES, LLC,

    Defendant-Respondent.

_____

        Submitted March 28, 2017 — Decided May 2, 2017

        Before Judges Yannotti and Gilson.

        On appeal from Superior Court of New Jersey,
        Law Division, Passaic County, Docket No. L-
        1391-15.

        Anthony Czyz and Catherine Czyz, appellants
        pro se.

        McCabe, Weisberg & Conway, P.C., attorneys for
        respondent (Joseph F. Riga, on the brief).

PER CURIAM

    Plaintiffs Anthony Czyz and Catherine Czyz appeal from an

order of the Law Division, dated November 6, 2015, which dismissed

their claims against defendant Carrington Mortgage Services, LLC. We affirm.

I.

This appeal arises from the following facts. Mr. Czyz is the owner of real property in Bloomingdale, New Jersey. On October 7, 2005, Mr. Czyz borrowed $408,000 from New Century Mortgage Corporation (New Century), the repayment of which was secured by a mortgage on the Bloomingdale property. The loan had an adjustable interest rate with an initial rate of 7.95%. Thereafter, New Century transferred the loan to defendant. In 2007, defendant refused to approve a so-called short sale of the property from Mr. Czyz to Catherine Caucci, who became Catherine Czyz when plaintiffs married.[1]

Mr. Czyz defaulted on the loan and on August 5, 2008, he entered into a loan modification agreement with defendant, in which all amounts due were capitalized into a new loan having a principal balance of $458,659.40, with interest at a fixed rate of 6.75%. Mr. Czyz defaulted on the modified loan agreement. According to plaintiffs, on February 9, 2009, defendant's

---

[1] According to defendant, a short sale is sometimes offered by a lender when a borrower owes more than the value of the collateral property securing the loan. A short sale is usually an arm's length transaction that establishes the market value of the collateral. The lender agrees to accept the sale proceeds as full payment of the loan.

employees entered the home to winterize it and allegedly damaged the pipes. Plaintiffs claimed that because of the negligent winterization, the pipes burst and the home sustained water damage.

In March 2009, Mr. Czyz filed an action against defendant in the Florida courts. Apparently at that time, plaintiffs were residing in Florida. They asserted fraud claims arising from defendant's alleged refusal to permit a short sale of the Bloomingdale, New Jersey property from Mr. Czyz to Ms. Czyz (then Ms. Caucci), and the loan modification agreement. The Florida trial court granted summary judgment in favor of defendant, and Mr. Czyz's appeal was not successful.

In 2012, plaintiffs filed an action in the Law Division, asserting the same claims that Mr. Czyz raised in the Florida action. They also asserted claims for property damage, misapplication of casualty insurance proceeds, and a violation of the federal Truth in Lending Act (TILA), 15 U.S.C.A. §§ 1601 to 1693. This action also was unsuccessful.

In April 2015, plaintiffs filed this action against defendant. In their complaint, plaintiffs asserted a claim for negligence, alleging that defendant's employees had entered the home in February 2009 without permission. Plaintiffs claimed that several days later as a result of defendant's negligence, the pipes burst and flooded the home. Plaintiffs further alleged that

the pipes burst again in December 2011, and caused additional damage. Plaintiffs claimed that in 2009 and 2011, they paid to repair the damage to the home.

Plaintiffs also allege that after the pipes in the home burst in December 2011, they submitted a claim to an insurance company to compensate them for the loss. According to plaintiffs, defendant directed the insurance company to make the check for the damage payable to defendant. Plaintiffs claim that defendant fraudulently cashed the check and refused to tender any payment to them.

Plaintiffs also asserted a claim of fraud with regard to the original loan. Plaintiffs allege that the loan agreement was void or voidable. Plaintiffs claim that at the time Mr. Czyz entered into the original loan agreement, he was mentally and physically impaired as a result of having been struck by a cement truck in 2002. Plaintiffs allege that New Century falsely represented that the loan was a sound agreement, and that Mr. Czyz would be able to keep his home. Plaintiffs assert that Mr. Czyz relied to his detriment upon these false representations.

In addition, plaintiffs asserted a claim of fraud regarding the modified loan agreement; a claim that the original loan violated the TILA; a claim that defendant and New Century fraudulently failed to disclose certain material terms of the

original loan; and a claim that defendant breached the covenant of good faith and fair dealing with regard to the original loan.

In lieu of an answer, defendant filed a motion to dismiss the complaint pursuant to Rule 4:6-2(e). Defendant argued that the claims regarding the alleged negligent winterization of the home and all claims related to the original loan were barred by the applicable statute of limitations. Defendant further argued that claims relating to the alleged flooding of the home in December 2011 were not properly pled as tort claims since they are contract-based claims. In addition, defendant asserted that Ms. Czyz's claims should be dismissed because she did not have standing to pursue any of the claims in the complaint.

The trial court entered an order dated September 11, 2015, which denied the motion without prejudice, because the motion papers had not been served upon Ms. Czyz in the manner required by the court rules. On October 19, 2015, defendant re-filed its motion. The court entered an order dated November 6, 2015, which granted defendant's motion to dismiss Ms. Czyz's claims because she lacked standing. The order also dismissed the complaint because it did not assert any claim upon which relief could be granted. This appeal followed.

On appeal, plaintiffs argue that the trial court erred by finding that Ms. Czyz lacked standing to pursue the claims in the

complaint. They also argue that the court erred by dismissing their claims.

                                    II.

We first consider plaintiffs' contention that Ms. Czyz had standing to assert the claims in the complaint. Plaintiffs contend that Ms. Czyz became an owner of the mortgaged property on April 27, 2007, when she married Mr. Czyz. Plaintiffs therefore argue that Ms. Czyz had standing to assert the claims.

Here, the trial court correctly found that Ms. Czyz did not have standing to assert the claims in the complaint. The claims are tort claims, but relate to and arise from the original note/mortgage and the loan modification agreement. It is undisputed that Ms. Czyz is not a party to those agreements. Ms. Czyz cannot assert claims based on those agreements.

The test for determining whether a third-party may bring an action under a contract is whether the parties to the agreement intended that a third-party "should receive a benefit that might be enforced in court." GE Capital Mortg. Servs., Inc. v. Privetera, 346 N.J. Super. 424, 434 (App. Div. 2002). "The contractual intent to recognize a right to performance in the third person is the key." Ibid. (quoting Broadway Maint. Corp. v. Rutgers, The State Univ., 90 N.J. 253, 259 (1982)).

A-1523-15T2

In this case, there is no allegation that when Mr. Czyz entered into the subject agreements, he and the other parties to the agreements intended to confer some benefit upon Ms. Czyz that could be enforced in court. Since Ms. Czyz does not have the right to pursue any contract-based claims against defendant, she also does not have the right to assert tort claims related to the making and performance of those agreements.

Moreover, Ms. Czyz did not have an interest in the property that would give her standing to pursue the claims in the complaint. Ms. Czyz alleges she became an owner of the property based upon a quitclaim deed in which Mr. Czyz transferred the property to her. The deed includes a certification from a notary, which stated that Mr. Czyz signed and delivered the deed on April 18, 2011.

However, in the original note/mortgage, Mr. Czyz agreed that he would not transfer any interest in the collateral property without the lender's prior consent. Plaintiffs do not claim that defendant ever consented to the transfer of the property to Ms. Czyz. Indeed, plaintiffs have acknowledged that in 2007, defendant refused to approve a short sale of the property from Mr. Czyz to Ms. Czyz (then Ms. Caucci).

Furthermore, although plaintiffs apparently were married in April 2007, the marriage did not give Ms. Czyz standing to assert the claims in the complaint. Under N.J.S.A. 3B:28-3, a spouse has

7

a right of joint possession to the principal marital residence. However, that right is subject to the lien of a mortgage, if placed on the residence before the marriage. N.J.S.A. 3B:28-3.1; see also Wamco XV Ltd. v. Farrell, 301 N.J. Super. 73, 79 (App. Div. 1997) (noting that under N.J.S.A. 3B:28-3.1, in order to avoid the spouse's right to joint possession, the encumbrance must be placed on the property before the marriage).

Ms. Czyz may have a right of joint possession to the marital residence. However, such a right of possession does not give her standing to assert claims arising from the original loan and loan modification agreements.

### III.

Next, we consider plaintiffs' contention that the trial court erred by dismissing their claims. Plaintiffs contend defendant's motion was procedurally defective; defendant waived the grounds upon which it sought dismissal; the claims were not time-barred because they allegedly relate back to earlier-filed litigation; the claims arising in 2011 were properly pled; and defendant's motion to dismiss should have been denied based on considerations of equity and public policy.

We are convinced that these arguments are without sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E). However, we add the following comments.

8                                          A-1523-15T2

Here, defendant moved to dismiss plaintiffs' claims pursuant to Rule 4:6-2(e), arguing that in their complaint, plaintiffs failed to assert claims upon which relief can be granted. In reviewing a motion to dismiss under Rule 4:6-2(e), the court must determine if a cause of action is suggested by the facts alleged. Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739, 746 (1989) (citing Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)). Generally, the "inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint." Ibid. (citing Rieder v. Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987)).

We reject plaintiffs' contention that defendant's motion was procedurally defective because defendant did not submit a certification or affidavit in support of its motion. In the motion, defendant relied upon the facts as alleged in the complaint, as well as the documents referred to in the pleadings. See Myska v. N.J. Mfrs. Ins. Co., 440 N.J. Super. 458, 482 (App. Div.) (noting that in ruling on a Rule 4:6-2(e) motion to dismiss, the court may consider documents referred to in the pleadings), appeal dismissed, 224 N.J. 523 (2016). Therefore, defendant was not required to submit a certification or affidavit to establish any relevant facts.

We also reject plaintiffs' argument that the trial court erred by finding that their claims were barred by the applicable statutes of limitation. Here, plaintiffs asserted a claim of negligence, based upon damage defendant's employees allegedly caused to the pipes in the mortgaged property. According to the complaint, defendant's employees damaged the pipes on February 9, 2009, when they entered the home to winterize it.

A claim for tortious injury to real property must be filed within six years after the cause of action has accrued. N.J.S.A. 2A:14—1. Although plaintiffs claim that due to the negligence of defendant's employees, the house sustained damage in 2009 and 2011, the cause of action accrued at the time of the alleged negligent act, which plaintiffs claim occurred on February 9, 2009. The trial court correctly found that the negligence claim was not timely filed.

Plaintiffs also asserted claims of fraud with regard to the original note dated October 7, 2005, and the loan modification agreement dated August 5, 2008. A cause of action for fraud also is subject to N.J.S.A. 2A:14-1, and must be filed within six years after the cause of action has accrued.

In this case, plaintiffs claim that when Mr. Czyz made the original loan, New Century represented to him that the mortgage was "a normal enforceable mortgage" with a non-usurious rate of

interest, and that he would be able to "keep his home." As noted, plaintiffs claim that New Century knew these representations were false, and Mr. Czyz relied upon them to his detriment.

However, Mr. Czyz obviously knew about the rate of interest on the loan when he made the original loan. Moreover, Mr. Czyz knew or should have known of any alleged misrepresentations at least by 2007 when he went into default. The trial court correctly determined that plaintiffs did not file the fraud claims regarding the original loan within the time required by N.J.S.A. 2A:14-1.

Plaintiffs also alleged that Mr. Czyz was under duress and/or undue influence of highly intoxicating medications when he entered into the loan modification agreement. He claims that defendant made certain false representations at that time. Specifically, Mr. Czyz alleges that defendant falsely claimed it had a valid foreclosure action on the property; it would approve a short sale of the property; and the refinancing was the only way to avoid the sheriff's sale.

As noted, Mr. Czyz executed the loan modification agreement on August 5, 2008. The fraud claims regarding the loan modification argument accrued at that time, or when Mr. Czyz defaulted on the modified agreement, which was sometime before February 2009. The trial court correctly determined that these claims were not filed

within six years of their accrual, as required by N.J.S.A. 2A:14-1.

In addition, plaintiffs asserted a claim under the TILA, with regard to New Century's alleged failure to make required disclosures in connection with the original loan. A claim for money damages under the TILA must be asserted within one year after the date upon which the loan is closed. 15 U.S.C.A. § 1640(e). The original loan closed on October 7, 2005. Plaintiffs' TILA claim was not filed within one year of that date, as required by 15 U.S.C.A. § 1640(e).

Plaintiffs also asserted a claim for breach of the implied covenant of good faith and fair dealing, which is subject to the six-year limitations period in N.J.S.A. 2A:14-1. The claim pertains to the alleged false and misleading disclosures made in October 2005, when the original loan was made. The trial court correctly found that this claim was not asserted within the time required by N.J.S.A. 2A:14-1.

We find no merit in plaintiffs' contention that the relevant statutes of limitations did not bar their claims because they filed lawsuits in 2009 and 2012, which raised the same or similar claims. The relation-back doctrine in Rule 4:9-3 applies when a pleading is amended and adds a claim that "arose out of the conduct, transaction or occurrence" asserted in the original

12                                        A-1523-15T2

complaint. The rule does not, however, apply to earlier-filed complaints in other actions.

In their complaint, plaintiffs also claimed that defendant fraudulently retained insurance proceeds that were paid as a result of damage to the property sustained in 2009 and/or 2011. Even if this claim had been timely filed, the facts as alleged do not support a claim of fraud. The record indicates that at the time of the alleged improper diversion of funds, Mr. Czyz was in default, and the subject agreements did not preclude defendant from retaining the insurance proceeds and applying them to the amounts that Mr. Czyz owed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION