**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2210-20

CHARLES LACEY,

 Plaintiff-Appellant,

v.

PS&S,

 Defendant-Respondent.

_____

    Submitted February 17, 2022 – Decided March 1, 2022

    Before Judges Haas and Mitterhoff.

    On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0981-20.

    Costello & Mains, LLC, attorneys for appellant (Deborah L. Mains, on the brief).

    Ogletree, Deakins, Nash, Smoak & Stewart, PC, attorneys for respondent (Mark Diana and Jocelyn A. Merced, on the brief).

PER CURIAM

Plaintiff Charles Lacey appeals from the Law Division's March 5, 2021 order granting defendant PS&S's motion to dismiss his complaint for failure to state a cause of action.  We reverse.

Defendant employed plaintiff for thirty-three years.  During this time, plaintiff worked in at least four different departments.  On January 11, 2019, defendant's president told plaintiff "there was no work and today was his last day."

After defendant fired plaintiff, he filed a complaint alleging defendant terminated him because of his age in violation of the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -50.  In order to adequately plead a cause of action for age discrimination under the LAD, a plaintiff must assert he (1) is in the protected class; (2) was performing the job at a level that met the employer's legitimate expectations; and (3) was nevertheless discharged; and that (4) the circumstances surrounding the discharge support an inference of discrimination based on his age.  See Young v. Hobart West Group, 385 N.J. Super. 448, 463 (App. Div. 2005); Williams v. Pemberton Twp. Pub. Schs., 323 N.J. Super. 490, 498 (App. Div. 1999).

In his complaint, plaintiff asserted he was sixty-three years old; had "worked up to or beyond [defendant's] reasonable expectations"; and was

2

terminated. As to the fourth element, plaintiff stated defendant's "reason for his termination [was] pretext [to cover defendant's discriminatory intent] because [d]efendant continued to hire younger individuals for various jobs after his" discharge.

Defendant filed a motion to dismiss plaintiff's complaint under Rule 4:6-2(e), and alleged plaintiff's complaint "contain[ed] no facts to suggest that his age played any role whatsoever in his termination." The trial court agreed with defendant and dismissed plaintiff's complaint without prejudice.

The court found the complaint included sufficient facts to meet the first three elements of a prima facie case of age discrimination. However, the court found the pleading did not adequately explain plaintiff's assertion that the circumstances surrounding the discharge supported an inference of age discrimination. The court stated the complaint was deficient because "[p]laintiff does not allege that [d]efendant made age-related remarks to him or others; that [d]efendant has a pattern of discriminating against older workers; that he was replaced by a substantially younger employee; or make any other allegations that might suggest age discrimination occurred."

In order to address these deficiencies, plaintiff filed an amended complaint. In this pleading, plaintiff stated defendant sought employees to fill

3

"multiple" positions after it claimed it discharged plaintiff for lack of work. Plaintiff asserted he "was qualified for the jobs indicated in the [job] postings" and yet, defendant "hire[d] younger individuals" for these positions. Plaintiff also alleged that after his dismissal, a co-worker told him that "a member of [defendant's] upper management" stated "that the company wanted to go forward with younger people." Plaintiff asserted these circumstances supported an inference of age discrimination.

Defendant filed a motion to dismiss plaintiff's amended complaint and again argued plaintiff failed to plead sufficient facts to satisfy the fourth prong of a prima facie case of age discrimination. The trial court agreed and granted defendant's motion, this time with prejudice.

In its March 5, 2021 decision, the court ruled that plaintiff's statement that the company "wanted to go forward with younger people" after terminating defendant, did "not necessarily raise an inference of unlawful discrimination or that age made a difference in [p]laintiff's treatment by [his] employer." In addition, the court found that because plaintiff did not apply for any of the positions that defendant sought to fill after his discharge, he could not use these job postings to support his claim that defendant falsely claimed it had no work for him.

4

On appeal, plaintiff asserts he "stated a viable claim for relief under the" LAD and that the trial court erred by dismissing his complaint. We agree.

"The standard traditionally utilized by courts to determine whether to dismiss a pleading for failure to state a claim on which relief may be granted is a generous one." Green v. Morgan Props., 215 N.J. 431, 451 (2013). In assessing a Rule 4:6-2(e) motion, courts should view the complaint indulgently, assume the truthfulness of the allegations in the complaint, and afford the complainant every reasonable inference. NCP Litig. Trust v. KPMG LLP, 187 N.J. 353, 365 (2006).

A court's inquiry at such an early stage in the proceedings is limited to the adequacy of the pleadings, not the complaining party's ability to prove its allegations. See Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). To this end, a court should search "the complaint in depth and with liberality to ascertain whether a fundament of a cause of action may be gleaned even from an obscure statement of claim . . . ." Ibid. (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)).

In reviewing a Rule 4:6-2(e) dismissal, we employ the same standard as that applied by the trial court. Donato v. Moldow, 374 N.J. Super. 475, 483 (App. Div. 2005). We "assume the facts as asserted by plaintiff are true," and

we give the plaintiff "the benefit of all inferences that may be drawn."  Banco Popular N. Am. v. Gandi, 184 N.J. 161, 166 (2005) (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)).  Dismissal is appropriate only if "the complaint states no basis for relief and discovery would not provide one."  Ibid.

Applying these principles, we are satisfied plaintiff pled sufficient facts to withstand a motion to dismiss under Rule 4:6-2(e).  Defendant conceded plaintiff satisfied the first three elements of a prima facie case of age discrimination under the LAD.  Contrary to the trial court's determination, plaintiff also clearly met the requirements of the fourth prong.

In his amended complaint, plaintiff alleged one of defendant's leaders commented "that the company wanted to go forward with younger people."  The executive made this remark shortly after defendant terminated plaintiff.  At this stage of the proceedings, we are required to accept this statement as true.  In addition, plaintiff alleged defendant hired younger people to fill "multiple" positions after it fired plaintiff.  Defendant's job actions belied its president's claim "there was no work" at the company and supported plaintiff's allegation that this claim was a pretext for age discrimination.

A-2210-20

In sum, plaintiff included facts in his amended complaint which cured the deficiencies the trial court identified in his initial pleading. Viewed indulgently, and assuming the truth of plaintiff's allegations, the additional circumstances plaintiff laid out in the amended complaint were sufficient to support an inference of age discrimination. Because plaintiff pled all four elements of a prima facie case of age discrimination, the court should not have dismissed plaintiff's complaint for failure to state a claim under Rule 4:6-2(e).

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2210-20