**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0835-23

CASSANDRA A. VALENTINE,
on behalf of herself and those
similarly situated,

     Plaintiff-Appellant,

v.

UNIFUND CCR, LLC and
DISTRESSED ASSET
PORTFOLIO III, LLC,

     Defendants-Respondents.

_____

        Argued February 5, 2025 – Decided Mark 6, 2025

        Before Judges Paganelli and Torregrossa-O'Connor.

        On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-0376-23.

        Yongmoon Kim argued the cause for appellant (Kim Law Firm LLC, attorneys; Yongmoon Kim and Mark Jensen, on the briefs).

        Richard J. Perr argued the cause for respondents (Kaufman Dolowich, LLP, attorneys; Richard J. Perr and Monica M. Littman, on the brief).

PER CURIAM

Plaintiff Cassandra A. Valentine appeals from the trial court order of October 4, 2023, that granted defendants', Unifund CCR, LLC and Distressed Asset Portfolio III, LLC (DAP), motion to dismiss her complaint under Rule 4:6-2(e). The foundation of each count of Valentine's complaint rested on the notion that a private right of action existed under the New Jersey Consumer Finance Licensing Act (NJCFLA), N.J.S.A. 17:11C-1 to -49. Because precedential case law provides that no such right exists, we affirm.

In Valentine's complaint, she alleged she was extended credit and incurred debt for "personal, family or household purposes." She stated that her "past due and defaulted [a]ccount" was assigned to DAP, and DAP "assigned, placed, or transferred the [a]ccount with Unifund for collection." In order "[t]o collect the [d]ebt . . . [d]efendants mailed a collection letter to" Valentine. Also, "[d]efendants commenced [a c]ollection [l]awsuit."

Valentine alleged that by "purchasing and taking assignment of the account[], [d]efendants acted as a 'sales finance company' as defined at N.J.S.A. 17:16C-1(f)," and by "purchasing, taking assignment of, and/or enforcing the accounts, [d]efendants engaged in the 'consumer loan business' as defined at N.J.S.A. 17:11C-2."

A-0835-23

Valentine asserted "[n]o person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under the" NJCFLA. Therefore, because DAP had not "first obtain[ed] a license pursuant to the NJCFLA," it was "not permitted to engage in the 'consumer loan business' or as a 'sales finance company.'"

In a four-count complaint, Valentine sought: (1) a declaration, under the New Jersey Uniform Declaratory Judgments Law (NJUDJL), N.J.S.A. 2A:16-53, that defendants violated the NJCFLA, and the assignment to defendants was void under the NJCFLA; an injunction under the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 50:8-1 to -224, prohibiting defendants from "any attempt to collect upon, enforce or assign the account"; and "awarding [Valentine]'s counsel reasonable attorneys' fees and costs under the CFA"; (2) a finding under the CFA that by violating the NJCFLA, "[d]efendants engaged in unconscionable commercial practices, deception, fraud, false promises, false pretenses, and/or misrepresentation in connection with the sale of merchandise [or subsequent performance of the sale of merchandise] in violation of the CFA"; Valentine sustained an ascertainable loss; and was, therefore entitled to "treble damages," her "counsel['s] reasonable attorneys' fees"; and "pre-judgment and

A-0835-23

post- judgment interest"; (3) a finding that defendants were unjustly enriched;[1] and (4) a finding that defendants' violation of the NJCFLA also violated the Fair Debt Collection Procedures Act (FDCPA), 15 U.S.C. §§ 1692 to -1692p, and she was therefore entitled to "an award of statutory damages"; "an award of actual damages"; "attorney's fees, litigation expenses, and costs"; and "pre-judgment and post-judgment interest."

Defendants moved for dismissal under Rule 4:6-2(e), claiming Valentine failed "to state a claim upon which relief c[ould] be granted."  The trial court heard the parties' oral arguments in May 2023.

In an October 4, 2023 order, the trial court granted defendants' motion for dismissal.  In an accompanying twenty-one-page opinion, the trial court applied the correct standard to consider a motion under Rule 4:6-2(e).  The court accepted Valentine's allegations as true and was not concerned with whether Valentine could prove them.

As to Valentine's claim under the NJCFLA, the trial court noted the statute did "not confer a private . . . cause of action."  Further, Valentine could not "circumvent the lack of a private cause of action under the NJCFLA by seeking relief under the NJUDJL."  The court found Valentine sought "impermissible

---

[1] Valentine abandoned the unjust enrichment count at the trial court.

A-0835-23

declarations based on the NJCFLA, and bootstrap[ped] the [FDCPA and CFA] claims to the requested finding that defendants violated the NJCFLA."

In analyzing Valentine's CFA claim, the court considered whether "the imposition of an improper debt or lien against a consumer-fraud plaintiff may constitute a loss under the CFA," however, the court determined that claim "fail[ed] because [Valentine could ]not establish the debt [wa]s improper." The court noted Valentine did "not dispute the original debt . . ., and [could ]not [maintain] her claim under [the] NJCFLA," to establish the collection activity was improper. Thus, because Valentine could not establish "unlawful conduct, she [could ]not establish a causal connection to any alleged loss," and the trial court dismissed the CFA claim.

The trial court considered Valentine's claim under the FDCPA. The court noted that to allege a claim under the FDCPA, Valentine was required to assert that defendants engaged in "'any false, deceptive, or misleading representation or means in connection with the collection of any debt,' including '[t]he false representation of . . . the character, amount, or legal status of any debt,'" quoting 15 U.S.C. § 1692e(2)(a) (alteration in the original).

The trial court noted Valentine asserted "defendants attempted to collect a debt without being licensed as required under" the NJCFLA. Therefore, the

5

court found Valentine's "claim relie[d] on a finding that failure to obtain a license rendered [Valentine]'s debt void by operation of law, and that subsequent collection activity misrepresented the legal status of that debt in violation of the FDCPA." However, the trial court concluded that there was no private right of action under the NJCFLA, and therefore, the FDCPA claim was barred.

On appeal, Valentine argues that the judge erred because the "NJCFLA . . . allowed for a private right of action by individual consumers in addition to the enforcement remedies of" the Commissioner of Banking and Insurance (Commissioner), see N.J.S.A. 17:11C-2, and therefore she could sustain a cause of action under the CFA and the FDCPA.

In response, defendants rely on our recent opinion in Francavilla v. Absolute Resolutions VI, LLC, 478 N.J. Super. 171, 180 (App. Div. 2024), certif. denied, 259 N.J. 319 (2024), where we held the NJCFLA "does not" contain a private right of action.

Appellate review of a "motion to dismiss for failure to state a claim pursuant to Rule 4:6-2(e)" is de novo. Am. C.L. Union of N.J. v. Cnty. Prosecutors Ass'n of N.J., 257 N.J. 87, 100 (2024). "[T]he test for determining the adequacy of a pleading [is] whether a cause of action is 'suggested' by the facts." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746

6

(quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189 (1988)). "At this preliminary stage of the litigation the [c]ourt is not concerned with the ability of plaintiffs to prove the allegation contained in the complaint." Ibid.

Instead, "a reviewing court 'searches the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Ibid. (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)). "For purposes of [the] analysis plaintiffs are entitled to every reasonable inference of fact. The examination of a complaint's allegations of fact required by the aforestated principles should be one that is at once painstaking and undertaken with a generous and hospitable approach." Ibid.

However, "if the complaint states no basis for relief and discovery would not provide one, dismissal is the appropriate remedy." Banco Popular N. Am. v. Gandi, 184 N.J. 161, 166 (2005).

Applying these well-established legal principles, we conclude Valentine failed to state a cause of action for which relief could be granted and no opportunity for amendment or discovery could revive the cause.

The NJCFLA provides that if the Commissioner:

A-0835-23

[F]inds that the financial responsibility, experience, character, and general fitness of the applicant for a new license or for a renewal of a license demonstrate that the business will be operated honestly, fairly, and efficiently within the purposes of this act, and if all other licensing requirements of this act and regulations promulgated by the [C]ommissioner are met, the [C]ommissioner shall issue the license of the type sought by the applicant.

[N.J.S.A. 17:11C-7(c).]

The Department of Banking and Insurance "issue[s] licenses under th[e NJCFLA] which specify whether a licensee may act as a consumer lender or a sales finance company." N.J.S.A. 17:11C-3(b).

Further:

Whenever it appears to the [C]ommissioner that any person has engaged, is engaging, or is about to engage, in any practice or transaction prohibited by the "[NJCFLA]" . . ., the [C]ommissioner may, in addition to any other remedy available, bring a summary action in a court of competent jurisdiction against the person, and any other person concerned or in any way participating in or about to participate in a practice or transaction in violation of the "[NJCFLA]" . . ., to enjoin the person from continuing the practice or transaction engaged in, or from engaging in the practice or transaction, or doing any act in furtherance of engaging in the practice or transaction.

[N.J.S.A. 17:11C-18(h).]

"The [C]ommissioner may impose a civil penalty . . . on any person for a violation of the" NJCFLA. N.J.S.A. 17:11C-18(i). In addition, the Commissioner:

> [M]ay order that any person who has been found to have knowingly violated any provision of the [NJCFLA] . . ., or of the rules and regulations issued pursuant thereto, and has thereby caused financial harm to consumers, be barred for a term not exceeding 10 years from acting as a consumer lender or sales finance company.
>
> [N.J.S.A. 17:11C-18(j).]

Against the statutory framework, we held the NJCFLA did not contain a private right of action. See Francavilla, 478 N.J. Super. at 180. Therefore, here, Valentine could not avoid dismissal, because her complaint rested entirely on the notion that she could maintain a private cause of action under the NJCFLA, and establish DAP: (1) was required to be licensed; (2) was not licensed; and (3) carried on activities that only licensed entities were empowered to conduct. It is only after she established these issues, that she could turn to whether the violations of the NJCFLA similarly violated the CFA and the FDCPA and then prove the other elements for claims under those statutes. This was the exact type of "bootstrapping" the trial court, without the benefit of Francavilla, found impermissible. We agree. Because Valentine's complaint rested on an

9

impermissible basis—a private cause of action under the NJCFLA—she failed "to state a claim upon which relief c[ould] be granted." <u>R.</u> 4:6-2(e).

Further, we note <u>Francavilla</u> was decided while this appeal was pending. However, our decision was issued before Valentine filed her brief and Valentine did not address <u>Francavilla</u> in her brief. In fact, although defendants raised <u>Francavilla</u> in their brief, Valentine did not address <u>Francavilla</u> in her reply brief.[2] Dismissal was properly granted.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

---

[2] Valentine filed her appeal on November 17, 2023. We decided <u>Francavilla</u>, in which Valentine's counsel represented plaintiffs, on March 14, 2024. Valentine filed her brief on April 19, 2024. Defendants filed their brief on July 3, 2024. Valentine's reply brief was filed on August 19, 2024. The Supreme Court denied certiorari on November 15, 2024.