**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1189-24

ELOY A. ROLE,

    Plaintiff-Appellant,

v.

SEABRAS SUPERMARKET,

    Defendant-Respondent.

_____

> Argued December 1, 2025 – Decided January 13, 2026
>
> Before Judges Natali and Walcott-Henderson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0553-23.
>
> Eloy A. Role, appellant, argued the cause on appellant's behalf.
>
> Carlos A. Monteiro argued the cause for respondent (Gomes & Monteiro, attorneys; Carlos A. Monteiro, on the brief).

PER CURIAM

Plaintiff Eloy A. Role appeals from a November 19, 2024 order dismissing his complaint against defendant Seabra Supermarket, with prejudice, for want of subject matter jurisdiction. Plaintiff's complaint asserted claims for assault and intentional infliction of emotional distress arising from an incident in which defendant's employees allegedly physically assaulted and mistreated plaintiff while he was in the bathroom at defendant's establishment. Plaintiff argues the court erred in concluding that his allegations of assault and related claim of infliction of emotional distress were "criminal in nature" and thus could not be heard in the Law Division, Civil Part. We reverse and remand.

According to plaintiff, on September 21, 2022, while on defendant's premises, he attempted to use the men's room but left without doing so because a cleaning employee was present. He returned approximately ten minutes later to find the same cleaning employee, referred to as Jane Doe by plaintiff, still present. In his brief, plaintiff recalls his urgent need to use the restroom prompted him to address the cleaning employee by stating, "[c]ome on[,] let me use the bathroom please."

Plaintiff claims the cleaning employee responded by throwing cleaning supplies at him, including "brooms, lampoons, dryers, buckets[,] etc.", which struck him, injuring his right knee. After the cleaning employee exited the men's

2

room, plaintiff began to use the facility, when he was interrupted by defendant's security guard who demanded that he leave the store. Prior to exiting, plaintiff demanded that a customer service employee summon the police, however, the police never arrived.

Plaintiff further alleges that he was admitted to Clara Maass Hospital the following day and maintains he was diagnosed with serious and persistent injuries to his right knee resulting from the incident.[1]

Several months later, plaintiff filed a complaint against defendant, alleging physical and emotional injuries.[2] More particularly, plaintiff alleged "second-degree aggravated assault" and intentional infliction of emotional distress.[3]

A period of discovery ensued during which plaintiff made clear his "claims relate[] only to civil second-degree aggravated assault on his person by

---

[1] The record before us is devoid of any medical records showing plaintiff sustained an injury as a result of the September 2022 incident.

[2] Defendant asserts that plaintiff filed his complaint on January 6, 2023, however, the only complaint in the record before us is the "Proposed Supplemental Pleadings," which is dated January 18, 2023.

[3] In his pleadings and at oral argument, plaintiff explained that he was seeking civil remedies, including damages for emotional distress, for what he described as an assault and battery carried out by supermarket employees.

A-1189-24

[d]efendant." Defendant subsequently moved for dismissal of plaintiff's complaint, arguing that "criminal matters are not heard in [civil] court." Defendant also argued that plaintiff provided no proof of physical injury and no contemporaneous medical reports or bills related to the September 2022 incident.

Following oral argument, the court granted defendant's motion and dismissed plaintiff's complaint with prejudice for failure to state a claim upon which relief can be granted. The court issued a brief oral decision stating "there's no jurisdiction for this [c]ourt to grant you the relief that you're seeking based upon the language and the statute that you rely upon in the complaint itself." Additionally, the court issued a written order, explaining "[p]laintiffs [c]omplaint is hereby DISMISSED WITH PREJUDICE for the reasons stated on the record on November 18, 2024, including lack of jurisdiction and failure to state a cause of action." This appeal followed.

We begin our analysis by noting that New Jersey is a notice-pleading state, meaning that only a short statement of the claim is needed. See Velop, Inc. v. Kaplan, 301 N.J. Super. 32, 56 (App. Div. 1997). Additionally, "[a]ll pleadings shall be liberally construed in the interest of justice." R. 4:5-7. It is still necessary, however, for the pleadings to "fairly apprise the adverse party of the

4

claims and issues to be raised at trial." Spring Motors Distribs., Inc. v. Ford Motor Co., 191 N.J. Super. 22, 29 (App. Div. 1983) (citing Jardine Estates v. Koppel, 24 N.J. 536, 542 (1957)).

Further, we review de novo a trial court's decision on a motion to dismiss a complaint under Rule 4:6-2(e) for failure to state a claim upon which relief can be granted. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021). "When reviewing a motion to dismiss under Rule 4:6-2(e), we assume that the allegations in the pleadings are true and afford the pleader all reasonable inferences." Sparroween, LLC v. Twp. of West Caldwell, 452 N.J. Super. 329, 339 (2017) (citing Seidenberg v. Summit Bank, 348 N.J. Super. 243, 249-50 (App. Div. 2002)). "The essential test is 'whether a cause of action is "suggested" by the facts.'" Sashihara v. Nobel Learning Cmtys., Inc., 461 N.J. Super. 195, 200 (App. Div. 2019) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). Thus, a motion to dismiss a complaint under Rule 4:6-2(e) "must be based on the pleadings themselves." Roa v. Roa, 200 N.J. 555, 562 (2010).

With these principles in mind and upon examining the allegations contained in the complaint, we conclude that the court erred in dismissing

plaintiff's complaint under Rule 4:6-2(e).[4] We reach this conclusion from our examination of the allegations as stated in plaintiff's complaint, from which we can fairly glean a fundament of a cause of action. See Printing Mart-Morristown, 116 N.J. at 746.

Here, plaintiff alleges in his complaint that defendant's employees threw cleaning materials at him, resulting in physical injury and his admittance to Clara Maass Hospital for treatment. He further asserts the incident caused him not only physical harm, but also "emotional distress" and recurring trauma.

A person is subject to liability for the common law tort of assault if: "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." Wigginton v. Servidio, 324 N.J. Super. 114, 129 (App. Div. 1999) (quoting Restatement (Second) of Torts § 21 (A.L.I. 1965)). The tort of battery rests upon a nonconsensual touching. Perna v. Pirozzi, 92 N.J. 446, 461 (1983). Additionally, for the tort of intentional infliction of emotional distress, "the plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and

---

[4] Plaintiff incorrectly asserts the court dismissed his complaint for lack of personal jurisdiction.

distress that is severe." Leang v. Jersey City Bd. of Educ., 198 N.J. 557, 587 (2009) (quoting Tarr v. Ciasulli, 181 N.J. 70, 77 (2004)).

Based on our de novo review, and liberally construing these allegations in favor of plaintiff, the complaint pleads facts that, at the very least, suggest the civil torts of assault, battery, and intentional infliction of emotional distress. See Leang v. Jersey City Bd. of Educ., 198 N.J. 557, 585 (2009). Plaintiff specifically alleges defendant's employees committed an offensive act by first striking him with cleaning supplies and later forcibly removing him from the restroom. It is of no moment that plaintiff labeled the count in his complaint as an "aggravated assault." Contrary to defendant's arguments, plaintiff's complaint suggests a civil cause of action against defendant for conduct that he claims constituted an "intentional[] assault[]" and "physical[] batter[y] . . . with intent to harm [him]," and which he also describes as "extreme and outrageous."

Plaintiff's failure to plead the precise elements of a civil tort does not warrant dismissal of his complaint as courts must search pleadings "in depth and with liberality" to determine whether a viable cause of action may be gleaned, even where the claim is imperfectly stated. See Printing Mart-Morristown, 116 N.J. at 746 (quoting Di Cristofaro v. Laurel Grove Memorial Park, 43 N.J. Super. 244, 252 (App. Div. 1957)). The critical issue is thus whether the facts

alleged present a theory of recovery.  See Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988) (citing Pressler, Current N.J. Court Rules, cmt. on R. 4:6-2 (1988)); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 4.1 on R. 4:6-2(e) (2026).  We also note that in plaintiff's subsequent responses to interrogatories, he made clear his intent to pursue civil claims and remedies against defendant.  Our case law also provides instances of civil liability attaching independently of the outcome of a criminal proceeding.  See, e.g., Coleman v. Martinez, 247 N.J. 319 (2021) (recognizing that conduct may give rise to independent civil liability regardless of whether criminal charges are pursued or sustained).

Additionally, we conclude reversal is also warranted based on the court's failure to articulate any findings of facts and conclusions of law in support of its decision.  See Big Smoke LLC v. Tp. of West Milford, 478 N.J. Super. 203, 227-28 (App. Div. 2024).  In a brief opinion, the court here stated only that plaintiff's complaint was being dismissed "for lack of jurisdiction and failure to state a cause of action," without providing any specific findings of facts or legal analysis in support of its conclusion.  Under these circumstances, we discern this decision falls well-short of the requirements of Rule 1:7-4, compelling

8

courts to make specific findings of facts and state its conclusions of law in all bench trial and motions decided by a written order.

Accordingly, we reverse and remand this matter for the court to reinstate plaintiff's complaint. We, however, express no opinion on the merits of plaintiff's allegations.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

9                                                                   A-1189-24