NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5351-14T3

CAROL GRAVES, LEAH ZALANNA
OWENS, DEBORAH SMITH-GREGORY,
JOSE LEONARDO, KRISTIN
TOWKANIUK, RAMON MELENDEZ, JR.,
HECTOR MALDONADO, CHANTELL MONCUR,
LINDA KELLY GAMBLE, NANCY J.
GIANNI, PENNY MATEE, CHRISTINE
CUNNINGHAM, JUDY JONES, CYNTHIA
WADE, JUDY GAINES-SLOAN, GAIL
AUSBY, CHRISTINA IKWUEGBU,
FRANCISCA OSUJI, DEIDRE CORLEY,
GEORGE TILLMAN, JR., TAMARA MOORE,
OMAYRA MOLINA, LOUCIOUS JONES,
JENISE REEDUS, and VERONICA BRANCH[1],

 Petitioners-Appellants,

v.

STATE OPERATED SCHOOL DISTRICT OF
THE CITY OF NEWARK and CAMI ANDERSON,
STATE SUPERINTENDENT OF SCHOOLS,

 Respondents-Respondents.
__________________________________________

 Argued September 12, 2017 – Decided September 26, 2017

 Before Judges Yannotti, Carroll and Mawla.

1
 We note that Veronica Branch was not listed in the caption, but
she was identified as a party in the petition. Therefore, we have
added her to the list of petitioners.
 On appeal from the Commissioner of Education,
 Docket No. 225-8/14.

 Robert T. Pickett argued the cause for
 appellants (Pickett & Craig, attorneys; Mr.
 Pickett, of counsel and on the briefs; Lauren
 M. Craig, on the briefs).

 Daniel Schlein argued the cause for
 respondents (Adams Gutierrez & Lattiboudere,
 LLC, attorneys; Perry L. Lattiboudere, of
 counsel and on the brief; Mr. Schlein, on the
 brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent Commissioner of
 Education (Jennifer Hoff, Deputy Attorney
 General, on the statement in lieu of brief).

PER CURIAM

 On August 18, 2014, petitioners filed an administrative

complaint challenging the implementation of the "One Newark Plan"

by the State Operated School District for the City of Newark

(SOSD).2 They also alleged that the Newark public schools are

unconstitutionally segregated on the basis of race, color,

ancestry, and national origin. Petitioners appeal from a final

decision of the New Jersey Commissioner of Education

(Commissioner) dismissing the petition. We affirm.

2
 In 1995, the State Board of Education (State Board) authorized
the removal of the Newark Board of Education and the creation of
the SOSD. Contini v. Bd. of Educ. of Newark, 286 N.J. Super. 106,
113-14 (App. Div. 1995), certif. denied, 145 N.J. 372 (1996). On
September 13, 2017, the State Board voted to begin the process for
returning the Newark schools to local control.

 2 A-5351-14T3
 I.

 Petitioners include three individuals who are residents and

taxpayers of Newark; four students who were attending Newark public

high schools when the petition was filed; twelve individuals who

were employed as teachers in Newark's school district at that

time; and six parents with children who were then attending the

Newark public schools. Petitioners named the SOSD and Cami

Anderson, who was then superintendent of the SOSD, as respondents.

 In their administrative action, petitioners challenged the

implementation of the "One Newark Plan," which petitioners claimed

had been developed behind closed doors and involved the district-

wide restructuring of Newark's public schools. Among other things,

the plan provided for the closure of certain neighborhood schools

and the leasing of the vacant school facilities to organizations

for the operation of charter schools.

 In count two, petitioners allege that the plan violates the

rights of Newark students to a thorough and efficient education,

as guaranteed by the New Jersey Constitution. N.J. Const. art.

VIII, § IV, ¶ 1. Petitioners allege that the plan would have a

disproportionate impact upon the district's African-American and

Hispanic students, as well as severely disadvantaged children in

Newark. Petitioners claim that replacing public schools with

 3 A-5351-14T3
charter schools would leave Newark's "neediest" students to

languish in schools that are failing or less successful.

 In count three, petitioners claim that the "One Newark Plan"

violates the Charter School Program Act of 1995 (CSPA), N.J.S.A.

18A:36A-1 to -18. Petitioners allege that under the plan, public

schools would be converted to charter schools without compliance

with N.J.S.A. 18A:36A-4(b). The statute permits a currently

existing public school to become a charter school if at least

fifty-one percent of the teaching staff and fifty-one percent of

parents or guardians of pupils attending the school sign a petition

supporting the conversion. Ibid. Petitioners allege that the SOSD

was engaging in the "stealth conversion" of existing public schools

by closing the schools and thereafter leasing the closed school

buildings to organizations for the operation of charter schools.

 In count three, petitioners further allege that the plan

violates the CSPA because it allows the SOSD to make final

decisions as to the students who will be permitted to enroll in

charter schools on the basis of a "sophisticated mathematic

equation/algorithm." According to petitioners, such a student-

selection process violates N.J.S.A. 18A:36-7 and N.J.S.A. 18A:36-

8, which govern the charter-school enrollment process.

 In addition, in count four, petitioners allege the plan "falls

short of eradicating the corrosive segregated environment that

 4 A-5351-14T3
pervades" the district. Petitioners assert that fifty-one percent

of the students enrolled in the Newark public schools are African-

American; forty percent are of Hispanic origin; and about eight

percent are non-Hispanic whites. Petitioners claim that children

who attend racially-segregated schools receive an education that

is inferior to the education of children enrolled in predominantly-

white suburban school districts in Essex County.

 Petitioners assert that the alleged de facto racial

segregation of the Newark schools violates the thorough and

efficient clause of the State's Constitution, N.J. Const. art.

VIII, § 4, ¶ 1, and the provision of the State Constitution that

bars segregation of schools on the basis of race, color, ancestry,

and national origin, N.J. Const. art. I, § 5.

 In their request for relief, petitioners sought: an

injunction enjoining the SOSD from further implementation of the

"One Newark Plan"; to terminate all contracts with charter-school

organizations that assume control of closed public school

facilities; a declaration that the concentration of African-

American and Hispanic children in the Newark school district is

the result of de facto segregation, in violation of the New Jersey

Constitution; establishment of a plan to eliminate the alleged

unconstitutional de facto segregation of the Newark schools by

creating a county-wide or region-wide school district, which would

 5 A-5351-14T3
include the predominantly white Essex County suburban school

districts; and other relief.

 When they filed their petition, petitioners also filed an

application for emergent relief. The Commissioner referred the

matter to the Office of Administrative Law for proceedings before

an Administrative Law Judge (ALJ). Petitioners later withdrew

their request for emergent relief. In September 2014, the ALJ

conducted a case management conference and expressed her concern

that petitioners had not named certain indispensable parties,

including the Commissioner and the State Board.

 Thereafter, petitioners filed a motion to amend the petition

to add the Commissioner and the State Board as respondents.

However, in October 2014, petitioners withdrew that motion and

elected to proceed only against the respondents named in the

petition. Thereafter, respondents filed a motion to dismiss the

petition on various grounds, and petitioners opposed the motion.

In January 2015, the ALJ heard oral argument on the motion.

 On April 28, 2015, the ALJ filed an initial decision granting

the motion and dismissing the petition in its entirety. On June

15, 2015, the Commissioner issued a final decision dismissing the

petition for the reasons stated by the ALJ. This appeal followed.

 On appeal, petitioners argue: (1) the ALJ and the Commissioner

failed to review the motion to dismiss in accordance with the

 6 A-5351-14T3
established standard of review; (2) the ALJ erroneously found that

the claims in counts two and three of the petition had not been

timely filed; (3) they have standing to assert the claims in the

petition; (4) the "One Newark Plan" violates the constitutional

right of Newark students to a "thorough and efficient" education;

(5) the "One Newark Plan" violates the CSPA; and (6) they were not

required to join the Commissioner, State Board, or the

predominantly-white Essex County suburban school districts as

indispensable parties with regard to the claim of de facto

segregation of the Newark public schools.

 II.

 We first consider petitioners' contention that the ALJ and

Commissioner failed to consider respondents' motion to dismiss

under the appropriate standard of review. Petitioners argue that

the applicable standard is either the standard for a motion for

involuntary dismissal of civil actions under Rule 4:37-2(b), or a

motion for summary decision in administrative actions under

N.J.A.C. 1:1-12.5(b). We disagree.

 Here, respondents filed a motion to dismiss under N.J.A.C.

6A:3-1.5(g), which allows a party to file a motion to dismiss a

petition in a dispute arising under the school laws in lieu of

filing an answer. The motion is comparable to a motion under Rule

 7 A-5351-14T3
4:6-2(e) to dismiss a complaint in a civil action for failure to

state a claim upon which relief can be granted.

 When reviewing a Rule 4:6-2(e) motion, a court must determine

the adequacy of the pleading and decide whether a cause of action

is "suggested" by the facts. Printing Mart-Morristown v. Sharp

Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Velantzas v.

Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)). The court must

"search[] the complaint in depth and with liberality to ascertain

whether the fundament of a cause of action may be gleaned even

from an obscure statement of claim, opportunity being given to

amend if necessary." Ibid. (quoting Di Cristofaro v. Laurel Grove

Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)).

 In ruling on the motion, the ALJ correctly applied the

standard for dismissal based on the failure to state a claim in

determining: (1) whether petitioners had standing to assert the

claims in the complaint; (2) whether petitioners filed the claims

in counts two and three within the time required; (3) whether

petitioners stated a valid claim that the "One Newark Plan"

violates N.J.S.A. 18A:36A-4(b); and (4) whether petitioners failed

to name indispensable parties with regard to their claim that the

plan violated the enrollment mandates for charter schools in the

CSPA and the claim of de facto segregation of the Newark schools

on the basis of race, color, ancestry, or national origin.

 8 A-5351-14T3
 We reject petitioners' contention that the ALJ should have

applied the standards set forth in Rule 4:37-2(b) when ruling on

respondents' motion to dismiss. The court rule applies at trial

in civil actions after the plaintiff has presented its evidence.

Ibid. The rule allows the court to dismiss the complaint if, based

upon a review of the facts and the law, "the plaintiff has shown

no right to relief." Ibid. The standard for granting such a motion

does not apply to a motion to dismiss a petition filed with the

Commissioner under N.J.A.C. 6A:3-1.5(g).

 We also reject petitioners' contention that respondents'

motion to dismiss was essentially a motion for summary decision

of an administrative action under N.J.A.C. 1:1-12.5(b).

Petitioners argue that under that rule, summary decision may not

be granted if there are genuine issues of material fact.

 The summary decision rule does not, however, apply here.

Respondents did not seek summary decision. They sought dismissal

of the petition under N.J.A.C. 6A:3-1.5(g). As we have explained,

the motion was the administrative equivalent to a motion to dismiss

a civil action under Rule 4:6-2(e) for failure to state a claim

upon which relief can be granted.

 We therefore conclude that the ALJ and Commissioner applied

the correct standard in ruling on respondents' motion to dismiss.

 9 A-5351-14T3
 III.

 We next consider petitioners' argument that the ALJ erred by

finding that the claims regarding the "One Newark Plan" in counts

two and three of the petition were not filed within the time

required by N.J.A.C. 6A:3-1.3(i). The rule provides that a petition

of appeal to the Commissioner in a dispute arising under the school

laws must be filed "no later than the 90th day from the date of

receipt of the notice of a final order, ruling, or other action

by the district board of education[.]" Ibid.

 In her decision, the ALJ noted that counts two and three of

the petition challenged the SOSD's implementation of the "One

Newark Plan." The ALJ observed that the SOSD had announced on

November 21, 2013, that it would be implementing the plan and the

SOSD described the plan in detail. Moreover, on December 18, 2013,

the SOSD publicly announced specifics of the plan. In addition,

in February 2014, the SOSD issued a pamphlet, which again discussed

details of the plan that would be implemented.

 The ALJ and the Commissioner determined that at a minimum,

petitioners should have filed the claims in counts two and three

within ninety days after the SOSD issued the pamphlet about the

plan in February 2014. The record supports that determination.

 It is well established that the ninety-day-limitation period

"provides a measure of repose" and it is "an essential element in

 10 A-5351-14T3
the proper and efficient administration of the school laws." Kaprow

v. Bd. of Educ. of Berkeley Twp., 131 N.J. 572, 582 (1993). "The

limitation period gives school districts the security of knowing

that administrative decisions regarding the operation of the

school cannot be challenged after ninety days." Ibid.

 We conclude that the ALJ and Commissioner correctly found

that petitioners failed to assert their claims regarding

implementation of the "One Newark Plan" within the time required

by N.J.A.C. 6A:3-1.3(i). Therefore, the dismissal of the claims

in counts two and three of the petition was proper.

 IV.

 Petitioners argue that the ALJ and Commissioner erred by

dismissing the claims that the plan violated the CSPA. We disagree.

 A. Closing of Schools/Leasing of Space for Charter Schools

 Here, petitioners allege that the plan allowed for the

"stealth conversion" of public schools without complying with

N.J.S.A. 18A:36A-4(b). The statute provides in pertinent part that

a district may convert a "currently existing public school" to a

charter school if fifty-one percent of the school's teachers and

fifty-one percent of the parents or guardians of students attending

the school sign petitions approving the change. Ibid.

 Petitioners allege that under the "One Newark Plan," the SOSD

was closing certain public schools and then leasing the vacant

 11 A-5351-14T3
space in those schools to organizations that would use the space

to operate charter schools. Petitioners maintain that this

provision of the plan represents an impermissible end-run around

the process in the CSPA for converting existing public schools to

charter schools.

 However, as the ALJ and Commissioner recognized, a school

district has the discretion to close a school that the district

no longer requires for the education of students. Furthermore, the

SOSD also has statutory authority to lease vacant space in school

buildings to other persons or organizations. N.J.S.A. 18A:20-8.2.

The ALJ and the Commissioner correctly found that because the SOSD

was not converting a "currently existing public school" to a

charter school, N.J.S.A. 18A:36A-4(b) did not apply.

 We will not set aside an administrative decision if it is

consistent with the applicable law, supported by sufficient

credible evidence in the record, and not arbitrary, capricious,

or unreasonable. Saccone v. Bd. of Trs. of Police & Firemen's Ret.

Sys., 219 N.J. 369, 380 (2014). The ALJ and the Commissioner's

determination that the SOSD was not engaged in the conversion of

currently existing public schools to charter schools is consistent

with the plain language of the statute and supported by sufficient

credible evidence in the record. The decision is not arbitrary,

capricious, or unreasonable.

 12 A-5351-14T3
 B. Enrollment Plan for Charter Schools

 Petitioners also claim that the "One Newark Plan" violated

the CSPA because it includes an enrollment process for charter

schools that violates the requirements of the CSPA. In support of

this argument, petitioners cite N.J.S.A. 18A:36A-7, which states

that charter schools shall "be open to all students on a space

available basis." They also cite N.J.S.A. 18A:36A-8, which

provides that charters must give preference to local students,

priority to siblings, and enroll a cross section of the community's

school-age population, "including racial and academic factors."

 Petitioners argue that they alleged sufficient facts to show

that the plan's enrollment process violates the enrollment

mandates in the CSPA. The ALJ did not, however, address the merits

of this claim. Instead, the ALJ decided that the claim could not

be considered because petitioners failed to name indispensable

parties.

 An indispensable party is one who has "an interest inevitably

involved in the subject matter before the court and a judgment

cannot justly be made between litigants without either adjudging

or necessarily affecting the absentee's interest." Allen B. Du

Mont Labs., Inc. v. Marcalus Mfg. Co., 30 N.J. 290, 298 (1959).

The ALJ stated that, "Under this standard, it is readily apparent

that these affected charter schools have a clear stake in this

 13 A-5351-14T3
litigation, and that the rights that petitioners seek to vindicate,

would, in part, require an order directing that the charter schools

comply with N.J.S.A. 18A:36A-7 and N.J.S.A. 18A:36A-8."

 The ALJ determined that without the participation of the

unnamed charter schools, complete relief could not be granted. The

Commissioner adopted the ALJ's findings and conclusion on this

issue. We conclude that the ALJ and the Commissioner correctly

found that the unnamed charter schools whose enrollment processes

were at issue were indispensable parties to the dispute.

 These organizations clearly have a stake in the resolution

of the claims regarding their enrollment plans. Because

petitioners had not joined these organizations in the

administrative action, the ALJ and the Commissioner correctly

found that petitioners' claim regarding the charter school

enrollment process in the "One Newark Plan" could not be

considered.

 We therefore conclude that in addition to correctly

dismissing the claims in count three as untimely, the ALJ and the

Commissioner correctly determined that the claim regarding the

alleged violation of N.J.S.A. 18A:36A-4(b) failed as a matter of

law, and the claim regarding the alleged unlawful enrollment plan

for charter schools could not be considered because petitioners

failed to name indispensable parties.

 14 A-5351-14T3
 V.

 Petitioners also claim that the "One Newark Plan" was a

"feeble attempt to address and ameliorate" what petitioners allege

is the de facto segregation of the Newark public schools on the

basis of race, color, ancestry, and national origin. Petitioners

allege that such de facto segregation violates the New Jersey

Constitution.

 Among the other relief requested in this action, petitioners

sought a remedial plan to address the alleged unconstitutional de

facto segregation of the Newark public schools. They sought a

mandate requiring the inclusion of predominantly-white Essex

County suburban school districts within a county-wide or regional

plan "that would effectively desegregate" the Newark public school

system.

 The ALJ dismissed this claim because petitioners failed to

name indispensable parties, specifically, the Commissioner, the

State Board, and the Essex County suburban school districts that

would be affected by such a remedial order. The Commissioner

adopted the ALJ's decision on this issue.

 On appeal, petitioners argue that the Commissioner, State

Board, and potentially-affected suburban school districts would

not be indispensable parties until there has been a finding of

unconstitutional de facto segregation of the Newark schools. We

 15 A-5351-14T3
cannot agree. We affirm the dismissal of this claim substantially

for the reasons stated by the ALJ in her initial decision, which

was adopted by the Commissioner.

 As the ALJ noted, the petition does not merely treat the

Commissioner as a decision-maker. It asserts a claim against the

Commissioner, alleging that the Commissioner has not met his

statutory and constitutional obligation to desegregate the Newark

public schools. Furthermore, it is well established that only the

Commissioner has the power to "cross district lines to avoid

'segregation in fact.'" Jenkins v. Morris Twp. Sch. Dist., 58 N.J.

483, 501 (1971) (quoting Booker v. Bd. of Educ., 45 N.J. 161, 168

(1965)). Thus, the Commissioner is an indispensable party to any

claim in which a party seeks a multi-district, remedial order

addressing alleged de facto segregation of a district's schools.

 We reject as entirely without merit any suggestion that the

Commissioner's interest would only involve the remedy for the

alleged de facto segregation of the Newark schools. Clearly, the

Commissioner would have an interest in any findings of the relevant

facts, as well as determining whether a remedy is required.

 Moreover, the potentially-affected Essex County suburban

school districts also are indispensable parties to the claim of

de facto segregation of the Newark schools. As we have explained,

petitioners are seeking to create a regional, county-wide school

 16 A-5351-14T3
system that would include the suburban school districts in Essex

County. As the ALJ stated in her decision:

 Regionalization county-wide would implicate
 the delivery of educational services to each
 and every public school student in Essex
 County. A failure to join each Essex County
 school district would plainly impede the
 ability of these districts to protect their
 interests. See R. 4[:]28-1(a). Moreover, any
 order directing such desegregation would call
 upon the neighboring districts to take the
 steps needed to effectuate such a broad
 ranging and monumental change in the delivery
 of educational services; to include a
 potential consolidation of staff, school
 buildings, equipment, and administrative
 services. Without the participation of these
 districts, "complete relief could not be
 accorded among those already parties." Ibid.

 We therefore conclude that the ALJ and the Commissioner

correctly decided to dismiss the claim of de facto segregation

because petitioners failed to name the Commissioner and the

affected suburban school districts as indispensable parties. For

essentially the same reasons, the State Board should also have

been named as a party.

 We note that in her decision, the ALJ found that only three

petitioners had standing to raise claims that the "One Newark

Plan" violated the right to a thorough and efficient education

under the New Jersey Constitution. These petitioners were the

parents of three students who had attended public schools that

were closed under the "One Newark Plan."

 17 A-5351-14T3
 The ALJ nevertheless found that these petitioners had not

alleged specific facts to show that the education of the three

students had been disrupted or otherwise impaired by their

assignments to other schools. The ALJ therefore concluded that the

claims relating to these three students were not justiciable

because they would essentially require the Commissioner to render

an advisory ruling.

 In view of our decision affirming the dismissal of

petitioners' claims on other grounds, we need not determine whether

the other petitioners had standing to assert claims that the "One

Newark Plan" violates the students' rights to a thorough and

efficient education, or whether the claims of the three parents

found to have standing are justiciable.

 Affirmed.

 18 A-5351-14T3