**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0582-17T4

ZOZO MOAWAD,

      Plaintiff-Appellant,

v.

JERSEY CITY POLICE
DEPARTMENT RECORDS
DEPARTMENT,

      Defendant-Respondent.

_____

Submitted October 23, 2018 – Decided November 14, 2018

Before Judges Fisher and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2920-17.

Zozo Moawad, appellant pro se.

Peter J. Baker, Corporation Counsel, attorney for respondent (Maura E. Connelly, Assistant Corporation Counsel, on the brief).

PER CURIAM

Plaintiff Zozo Moawad appeals from a September 29, 2017 order dismissing his complaint against defendant City of Jersey City (the City), improperly pleaded as the Jersey City Police Department Records Department, with prejudice. We affirm.

Plaintiff filed an employment discrimination action in federal court against her former employer Hugh Best, relating to her employment at the Children's Academy Daycare Center, alleging her former employer and co-workers falsely reported her to police for shoplifting on numerous occasions. Neither the City nor the Jersey City Police Department (JCPD) were parties to the federal action.

On May 15, 2017, plaintiff served a federal subpoena on the JCPD seeking "[a]ll and any kinds of police reports and criminal records related to Zozo Moawad from January 1, 2000 to present." Upon receipt of the subpoena, the records clerk conducted a search of the JCPD's database, using the names and employment address provided by plaintiff. The search did not disclose any responsive records. The records clerk wrote to plaintiff advising her no records were found using the names provided. The records clerk also advised plaintiff that if the incident occurred in Bayonne, she would need to contact the Bayonne

Police Department. Plaintiff did not submit a request under the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, to the City or the JCPD.

Plaintiff made an OPRA request for documents to the Hudson County Prosecutor's Office, a governmental entity separate and distinct from the JCPD. The OPRA request sought "[a]ll and any kinds of police reports and criminal records related to Zozo Moawad from January 1, 2000 to present." An assistant prosecutor responded in writing to the OPRA request, informing plaintiff "there are no records in the Hudson County Prosecutor's Office that would be responsive to your request," and that plaintiff's name was not listed "in any database as a defendant in this office."

On July 13, 2017, plaintiff filed this action against the JCPD Records Department, alleging

> I sent a subpoena to the JCPD to release the false police reports that were filed against me during my employment at the Children's Academy, Daycare in Jersey City. The police department denied having any reports. I then [sent] an OPRA to the Office of the Hudson County Prosecutor. The assistant Prosecutor sent me a letter stating that I may take my appeal to the Government Records Council and the Superior Court. I sent a letter to the Government Records Council and they replied stating that I can send the form of denial [of] access to Public Records but it would be faster to send it to the Superior Court in my county, because the court can assess my common law right of access.

A-0582-17T4

Plaintiff further alleged the reports she sought "are crucial pieces of evidence for my lawsuit against my former employer" and the refusal to release the reports "hurt" her lawsuit.

The trial court issued an order to show cause in favor of plaintiff. The City moved to dismiss plaintiff's complaint with prejudice pursuant to Rule 4:6-2(e) for failure to state a claim upon which relief may be granted. Following oral argument, the trial court issued an oral decision and order dismissing plaintiff's complaint with prejudice. In its oral decision, the trial court explained to plaintiff she had options in federal court to enforce the federal subpoena, but she could not sue the JCPD in State court to enforce the subpoena because it is not a cause of action under New Jersey law. The judge also noted plaintiff did not serve an OPRA request on the City, and the OPRA request served on the Hudson County Prosecutor's Office involved a separate entity. Finding plaintiff had failed to state a claim, the judge granted the motion to dismiss. This appeal followed.

Plaintiff argues the trial court erred in granting dismissal because it said during oral argument there might be some records in the Police Department, and plaintiff requested all kinds of records.

4

A reviewing court assessing the dismissal of a complaint under <u>Rule</u> 4:6-2(e) must "search the complaint 'in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" <u>Banco Popular N. Am. v. Gandi</u>, 184 N.J. 161, 165 (2005) (quoting <u>Printing Mart-Morristown v. Sharp Elecs. Corp.</u>, 116 N.J. 739, 746 (1989)). The review must be performed in a manner that is "generous and hospitable." <u>Printing Mart</u>, 116 N.J. at 746. Our role is simply to determine whether a cause of action is "suggested" by the complaint. <u>Ibid.</u> (quoting <u>Velantzas v. Colgate-Palmolive Co.</u>, 109 N.J. 189, 192 (1988)). "[I]f the complaint states no basis for relief and discovery would not provide one, dismissal is the appropriate remedy." <u>Banco Popular N. Am.</u>, 184 N.J. at 166 (citing Pressler, <u>Current N.J. Court Rules</u>, cmt. 4.1 on <u>R.</u> 4:6-2 (2005)).

Plaintiff's complaint failed to state a claim upon which relief may be granted. Dismissal with prejudice was appropriate since amending the complaint would be futile. Plaintiff's remedy, if any, is to enforce the subpoena in federal court pursuant to <u>Fed. R. Civ. P.</u> 45, not in the Superior Court of New Jersey.

A-0582-17T4

Plaintiff's arguments lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0582-17T4