**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1102-17T3

LORI-ANNE MICHEL and
ERICH H. MICHEL,

      Plaintiffs-Appellants,

v.

NEW JERSEY MANUFACTURERS
INSURANCE COMPANY,

      Defendant-Respondent.

_____

      Argued October 30, 2018 – Decided November 15, 2018

      Before Judges Rothstadt and Natali.

      On appeal from Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1879-17.

      John J. Scura, III argued the cause for appellant (Scura, Wigfield, Heyer, Stevens & Cammarota, LLP, attorneys; John J. Scura, III, of counsel and on the briefs; Timothy J. Foley, on the briefs).

      Daniel J. Pomeroy argued the cause for appellant (Pomeroy Heller & Ley, LLC, attorneys; Daniel J. Pomeroy and Karen E. Heller, on the brief).

PER CURIAM

Plaintiffs Lori-Anne Michel and Erich Michel appeal from a September 25, 2017 Law Division order dismissing their complaint under Rule 4:6-2(e), against defendant New Jersey Manufacturers Insurance Company (NJM). The court determined that the step-down provision in Erich's[1] NJM automobile insurance policy's uninsured/underinsured (UM/UIM) coverage governed, thereby limiting Lori-Anne's coverage to the amount specified in her personal automobile insurance policy with United Services Automobile Association (USAA). Plaintiffs also appeal from a separate order issued the same day denying their motion to amend. We affirm.

Lori-Anne was injured while walking in a crosswalk when she was struck by a car operated by Rosa Ludena. At the time of the accident, Rosa Ludena was a named insured under a basic policy that did not provide bodily injury liability coverage. Lori-Anne, however, was the named insured under the USAA policy that provided $25,000 in UIM coverage. After Lori-Anne tendered her claim to USAA, it offered her the full $25,000 policy limit.

---

[1]  We refer to plaintiffs by their first names to avoid any confusion created by their common last name.

A-1102-17T3

Lori-Ann then pursued underinsured motorist coverage under the NJM policy that identified only Erich as the named insured. In accordance with Longworth v. Van Houten, 223 N.J. Super. 174 (App. Div. 1988), Lori-Anne notified NJM of the USAA offer and NJM advised that it had no objection to Lori-Ann accepting the offer.

The NJM policy describes "you" and "your" to "refer to the named insured shown in the Declarations" and the named insured's "spouse . . . if a resident of the same household . . . ." The NJM UIM endorsement defines insured as "[y]ou or any family member." A family member is described to include "a person related to you by . . . marriage . . . who is a resident of your household . . . ."

The endorsement further provides that NJM will pay "compensatory damages which an insured is legally entitled to recover from the owner or operator of an . . . underinsured motor vehicle because of . . . [b]odily injury sustained by an insured and caused by an accident . . . " and that its "maximum limit of liability for all damages resulting from any one accident" for underinsured motorist coverage is $300,000. However, the endorsement contains a step-down provision, identified in bold lettering as "LIMIT OF LIABILITY," which provides:

    1. If:

a. An insured is not the named insured, but is a family member under this policy;

b. That insured is a named insured under one or more other policies providing similar coverage; and

c. All such other policies have a limit of liability for similar coverage which is less than the limit of liability for this this coverage;

then [NJM's] maximum limit of liability for that insured, for all damages resulting from any one accident, shall not exceed the highest applicable limit of liability under any insurance providing coverage to that insured as a named insured.

By letter dated October 27, 2016, NJM denied plaintiffs' claim. NJM determined the step-down language applied because Lori-Anne was an "insured" "family member" under the NJM policy and a named insured under the USAA policy, which provided coverage similar to the NJM policy. In June 2017, Lori-Anne and Erich commenced an action against NJM seeking UIM benefits. In count one of the complaint, plaintiffs alleged NJM breached its contract, claiming Lori-Anne was entitled to the entire $300,000 policy limit because she was a "named insured" under the NJM policy. Count two sought damages for Erich's loss of consortium and count three claimed NJM breached the implied covenant of good faith and fair dealing when handling Lori-Anne's claim.

A-1102-17T3

Instead of answering the complaint, NJM filed a motion to dismiss under Rule 4:6-2(e). NJM argued that the express language of its policy reduced Lori-Anne's coverage. Plaintiffs opposed the motion and maintained that Lori-Anne was not subject to the step-down provision because she identified as a named insured under the NJM policy and despite being married to Erich was not his family member. They also cross-moved to amend the complaint "to add additional facts based on NJM's continued breach of its contractual obligations, bad faith and breach of its duty of good faith and fair dealing" and to clarify Erich's loss of consortium claim.

After hearing oral arguments, the court granted NJM's motion, dismissed the complaint, and denied plaintiffs' cross-motion. The court concluded that the "clear and concise terms of the NJM policy" established that "Lori-Anne Michel is an insured, not a named insured, under the UIM provision of th[e] policy, and thus the 'step[-]down' limitations" applied to limit her recovery to the $25,000 limit of her USAA policy. Further, the court concluded that Erich's per quod claim was derivative of Lori-Anne's claim and was subject to the same liability limit. Finally, the court found "no basis to permit an amendment" of the complaint.

On appeal, plaintiffs argue the trial court incorrectly interpreted the NJM policy contrary to their reasonable expectations. Specifically, plaintiffs again maintain that Lori-Anne was a named insured under the NJM policy and was not a family member. On this point, plaintiffs argue that because the NJM policy defines "you and your" to include Erich as the named insured and Lori-Anne as the resident spouse both should be considered named insureds and not subject to the step-down clause.

Separately, plaintiffs note that the step-down provision applies only to an insured who is not the named insured but who is a family member. Because family member is defined to include a resident of "your" household related to "you" by marriage, plaintiffs allege the step-down provision is inapplicable to Lori-Anne because she is not a family member as she cannot be related to herself.

Having considered these arguments in light of the record and applicable legal principles, we conclude that Lori-Anne is not a named insured under the NJM policy but is an insured family member and therefore subject to the step-down provision in the NJM policy.

A trial court's decision to dismiss a complaint pursuant to <u>Rule</u> 4:6-2(e) is subject to de novo review. <u>Scheidt v. DRS Techs., Inc.</u>, 424 N.J. Super. 188,

A-1102-17T3

193 (App. Div. 2012) (citing <u>Donato v. Moldow</u>, 374 N.J. Super. 475, 483 (App. Div. 2005)). On appeal, the test is whether the non-moving party has alleged facts sufficient to "suggest" a cause of action. <u>Craig v. Suburban Cablevision, Inc.</u>, 140 N.J. 623, 626 (1995) (quoting <u>Velantzas v. Colgate-Palmolive Co.</u>, 109 N.J. 189, 192 (1988)). "Plaintiffs are entitled to every reasonable inference in their favor," <u>ibid.</u>, but "conclusory allegations are insufficient" to survive a motion to dismiss for failure to state a claim upon which relief can be granted. <u>Scheidt</u>, 424 N.J. Super. at 193 (citing <u>Printing Mart-Morristown v. Sharp Elec. Corp.</u>, 116 N.J. 739, 768 (1989)).

Our analysis is guided by well-established principles concerning interpretation of insurance contracts. As a general rule, "[a]n insurance policy is a contract that will be enforced as written when its terms are clear [and] in order that the expectations of the parties will be fulfilled." <u>Flomerfelt v. Cardiello</u>, 202 N.J. 432, 441 (2010). When an ambiguity does exist, the ambiguity is resolved against the insurer and in favor of coverage. <u>Kopp v. Newark Ins. Co.</u>, 204 N.J. Super. 415, 420 (App. Div. 1985). However, "not every 'far-fetched interpretation of a policy will be sufficient to create an ambiguity requiring coverage' . . . ." <u>Mem'l Props., LLC v. Zurich Am. Ins. Co.</u>, 210 N.J. 512, 528 (2012) (quoting <u>Cobra Prods., Inc. v. Fed. Ins. Co.</u>, 317 N.J.

Super. 392, 400-01 (App. Div. 1998)). "A genuine ambiguity exists when the 'phrasing of the policy is so confusing that the average policyholder cannot make out the boundaries of coverage.'" Simonetti v. Selective Ins. Co., 372 N.J. Super. 421, 428-29 (App. Div. 2004) (quoting Lee v. Gen. Accident Ins. Co., 337 N.J. Super. 509, 513 (App. Div. 2001)).

Guided by these principles, we are not persuaded by plaintiffs' argument that Lori-Anne is a named insured under the NJM policy. Rather, she is an insured family member covered for UIM benefits up to the limits of her USAA policy. "[T]he term 'named insured' is self-defining." Botti v. CNA Ins. Co., 361 N.J. Super. 217, 226 (App. Div. 2003). It "refers only to the names so appearing in the declaration." Ibid. (citation omitted). Here, the only name appearing on the declaration page is Erich Michel.

By contrast, the term "insured" is defined by the endorsement as "[y]ou or any family member." "You" and "your" refers to the "named insured shown in the Declarations; and . . . [t]he spouse . . . if a resident of the same household." Plaintiffs' argument that NJM's "deliberate lumping of the named insured and their spouse as 'you and your' creates the reasonable expectation" that they are to be treated as one for purposes of the contract is misplaced. The NJM policy clearly characterized Erich and Lori-Anne differently for UIM purposes. Erich

A-1102-17T3

is indisputably the named insured "shown on the Declarations" (consistent with Botti) and Lori-Anne is separately described as an insured as she is Erich's spouse and a "resident of the same household."

We similarly reject Lori-Anne's claim that she is not a "family member" as she is "related to" Erich by marriage who is a resident of her household. There is nothing in the NJM policy to suggest that an insured is limited to a single designation. Lori-Anne can be correctly characterized as "you" and also someone who is a "family member" as she is unquestionably related to Erich, the named insured, by marriage, who also resides in her household.

We also reject plaintiffs' reasonable expectation of coverage argument because the NJM policy is not "so confusing that the average policyholder cannot make out the boundaries of coverage." See Simonetti, 372 N.J. Super. at 428-29 (quoting Lee, 337 N.J. Super. at 513). Plaintiffs' reasonable expectation with respect to who is a "named insured" is informed by the declarations page on the NJM policy, which identifies only Erich, and by the fact that Lori-Anne purchased a separate policy with USAA, which listed only her as the named insured. With respect to plaintiffs' claim that Lori-Anne is not a family member, we conclude an average husband or wife policyholder would expect to be

included within the family member term when it is defined to include a person related to "you by . . . marriage."

Finally, as noted, plaintiffs also appeal from the dismissal of count three of the complaint, Erich's <u>per quod</u> claim and the denial of their motion to amend. Because plaintiffs failed to brief these issues, we consider the arguments waived. <u>See</u> <u>Seeward v. Integrity, Inc.</u>, 357 N.J. Super. 474, 479 n.3 (App. Div. 2003).

To the extent not addressed, plaintiffs' remaining arguments lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION