**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3145-17T4

IN THE MATTER OF THE
ESTATE OF JOSEPHINE
MACDONALD, deceased.

_____

Submitted February 6, 2019 – Decided March 6, 2019

Before Judges Reisner and Mawla.

On appeal from Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. P-215616.

Douglas J. Kinz, attorney for appellants Warren MacDonald, III, Heather MacDonald, Ashley Minder and Kathleen MacDonald.

Trapanese & Trapanese, attorneys for respondents Lori Scheidemann, Executrix, and Estate of Josephine MacDonald (Jeffrey J. Trapanese, on the brief).

PER CURIAM

Plaintiffs Warren MacDonald III, Heather MacDonald, Ashley Minder, and Kathleen MacDonald appeal from a February 5, 2018 order, dismissing their

amended verified complaint seeking to set aside the September 16, 2016 will of decedent Josephine MacDonald and admit to probate a prior will from 2010 and a 2011 codicil. On this appeal, our review is de novo. See Banner v. Hoffmann-La Roche Inc., 383 N.J. Super. 364, 373-74 (App. Div. 2006). We conclude that the amended verified complaint stated a cause of action, and the trial court erred in dismissing the complaint without permitting plaintiffs to take discovery. Therefore, we reverse the order on appeal and remand this matter to the trial court for further proceedings.

Because we are reversing on procedural grounds, the essential facts can be stated briefly. Plaintiffs, who were decedent's daughter-in-law and grandchildren, asserted that in a prior will, decedent had left them substantial assets, but she disinherited them in her 2016 will. Plaintiffs alleged that around the time decedent executed the 2016 will, she was mentally confused and sometimes delusional, and lacked testamentary capacity. They also alleged that decedent's daughter exercised undue influence so as to cause her mother to disinherit plaintiffs and leave her entire estate to the daughter. Viewed indulgently, with an eye toward discerning a cause of action, Printing Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 746 (1989), the facts pled in the amended complaint were sufficient to state a cause of action. See In re Estate

of Folcher, 224 N.J. 496, 512 (2016) (undue influence); In re Will of Liebl, 260 N.J. Super. 519, 524-25 (App. Div. 1992) (lack of testamentary capacity).

On November 9, 2017, the trial court issued a detailed case management order, setting dates for discovery, a pretrial conference, and a trial. The parties, in fact, propounded interrogatories, document demands, and deposition notices on each other. However, without providing any discovery, defendants (the Estate and the daughter) filed what they characterized as a motion to dismiss the complaint pursuant to Rule 4:6-2(e).[1] The motion was supported by certifications essentially setting forth defendants' side of the case, including certifications from the daughter and the attorney who prepared the will. Over vigorous objection from plaintiffs' counsel - pointing out that he had not obtained any discovery yet, including decedent's medical records and information concerning certain assets left to his clients in the prior will - the trial court converted the motion to dismiss to a summary judgment motion and dismissed the complaint. See R. 4:6-2.

---

[1] Before plaintiffs filed the amended complaint, defendants' counsel had voluntarily provided plaintiffs' counsel with copies of decedent's prior will from 2010 and the 2011 codicil. However, defendants did not respond to plaintiffs' interrogatories, document demands or deposition notices served after the case management conference.

"Generally, we seek to afford 'every litigant who has a bona fide cause of action or defense the opportunity for full exposure of his case.'  When 'critical facts are peculiarly within the moving party's knowledge,' it is especially inappropriate to grant summary judgment when discovery is incomplete." Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 193 (1988) (citations omitted).

Reviewing the record with that standard in mind, we conclude that the trial court acted prematurely in dismissing the complaint based on defendants' one-sided presentation of evidence, without allowing plaintiffs to take any discovery.  We appreciate that the court may have believed plaintiffs' case was weak and was concerned that the estate would be consumed with attorneys' fees. Nothing precluded the court from carefully managing discovery, or even permitting defendants to move for partial summary judgment after relevant discovery was complete on a particular issue.  However, it was premature and improper to dismiss the complaint on summary judgment without permitting plaintiffs to obtain any discovery.

Accordingly, we reverse the order on appeal, reinstate the amended verified complaint, and remand this matter to the trial court.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3145-17T4