**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1191-22

CHRISTOPHER MAIER and
LAND OF MAKE BELIEVE,

    Plaintiffs-Appellants,

v.

TYLER KEGGAN,

    Defendant-Respondent.

_____

Submitted February 26, 2024 – Decided March 6, 2024

Before Judges Mawla and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Warren County, Docket No. L-0211-22.

Norris McLaughlin, PA, attorneys for appellants (David C. Roberts and Mina Miawad, on the briefs).

McDonnell Artigliere, attorneys for respondent Tyler Keggan (John F. McDonnell, on the brief).

PER CURIAM

Plaintiffs Christopher Maier and Land of Make Believe (LOMB) appeal from a November 4, 2022 order dismissing their complaint for malicious prosecution against defendant Tyler Keggan for failure to state a claim. We affirm.

Maier is the owner and operator of LOMB, an amusement and water park located in Hope Township. On January 4, 2021, defendant, a former employee of LOMB, filed a complaint, alleging his former LOMB supervisor subjected him to sexual harassment, discrimination, and retaliation. He alleged LOMB and Maier were legally responsible for the harassment and wrongful conduct under the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49.

Following defendant's deposition, he agreed to voluntarily dismiss the complaint. On July 13, 2022, the parties signed a stipulation of dismissal, stating "that any and all claims identified in [the c]omplaint and between the parties are hereby dismissed with prejudice."

Approximately one month later, plaintiffs sued defendant for malicious prosecution. They alleged defendant's LAD claim "had no reasonable ground of suspicion supported by any facts or circumstances," evidenced by the fact he dismissed his lawsuit after he was cross-examined on his "lies." The complaint

alleged plaintiffs suffered "special grievances . . . including, but not limited to counsel fees and costs incurred." Plaintiffs sought compensatory and punitive damages, including attorneys' fees.

Defendant moved to dismiss plaintiffs' complaint for failure to state a claim pursuant to Rule 4:6-2(e). He argued a claim for malicious prosecution "requires proof, among other elements, that the plaintiff suffered a 'special grievance' in the form of a loss of property or liberty" and the complaint only alleged plaintiffs incurred counsel fees and costs, which was not a special grievance.

The trial court granted defendant's motion, finding the complaint failed to allege a special grievance as required by law. The court found New Jersey courts "have never regarded the mere cost of defending against litigation to suffice, but have equated this essential proof requirement with the 'interference with one's liberty or property.'" LoBiondo v. Schwartz, 199 N.J. 62, 95 (2009) (quoting Penwag Prop. Co. v. Landau, 76 N.J. 595, 598 (1978)). Plaintiffs failed to "allege[] any interference with liberty or property to indicate that [they] have suffered a special grievance." The court concluded this was fatal to plaintiffs' claim and dismissed the complaint.

A-1191-22

I.

"Rule 4:6-2(e) motions to dismiss for failure to state a claim upon which relief can be granted are reviewed de novo." Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, PC, 237 N.J. 91, 108 (2019)). In reviewing a Rule 4:6-2(e) ruling, we "must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Ibid. (quoting Dimitrakopoulos, 237 N.J. at 108). The test for determining the adequacy of a pleading is "whether a cause of action is 'suggested' by the facts." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)).

On appeal, plaintiffs argue the court erred because it failed to read the complaint liberally and incorrectly found they failed to plead a special grievance. They point to our decision in Geyer v. Faiella, 279 N.J. Super. 386 (App. Div. 1995), and argue the lack of a special grievance is not fatal to a malicious prosecution claim. Plaintiffs assert their complaint set forth the elements for a cause of action for malicious prosecution.

We have stated:

4

> To succeed in an action for malicious prosecution of a civil suit, the plaintiff must establish that the original suit (1) was instituted without reasonable or probable cause; (2) was motivated by malice; (3) terminated favorably to the plaintiff in the malicious prosecution action; and (4) resulted in a "special grievance" to the plaintiff. The absence of any one of these elements is fatal.
>
> [Giri v. Rutgers Cas. Ins. Co., 273 N.J. Super. 340, 347 (App. Div. 1994) (citation omitted).]

A civil cause of action for malicious prosecution must allege the plaintiff suffered a special grievance, because "the special grievance is designed to take the place of the injurious effects, including arrest, restraint, or the attendant humiliation of being held on bail, finger-printed, and photographed, that ordinarily flow from a wrongfully instituted criminal charge." LoBiondo, 199 N.J. at 90.

Litigation expenses, "mental anguish, emotional distress, or loss of reputation" do not constitute "special injuries." Turner v. Wong, 363 N.J. Super. 186, 205 (App. Div. 2003). "Counsel fees and costs in defending the action maliciously brought may be an element of damage in a successful malicious prosecution, but do not in themselves constitute a special grievance necessary to make out the cause of action." Penwag, 76 N.J. at 598.

A-1191-22

In Geyer, the plaintiff alleged the defendant defamed him and engaged in malicious prosecution by telling the U.S. Attorney's Office the plaintiff had threatened his life, inducing the government to prosecute the plaintiff. 279 N.J. Super. at 388. The Federal grand jury did not return an indictment and the government subsequently terminated the prosecution. Ibid. The plaintiff sued, alleging: he suffered emotional distress; the defendant attempted to destroy the plaintiff's reputation and business; and attempted to extort the plaintiff. Id. at 388-89. The trial court dismissed the plaintiff's civil action for failure to state a claim, finding "no special damage because there's no arrest, no liberty was[] in any way compromised, we don't know precisely what happened but the [g]rand [j]ury didn't return an indictment." Id. at 393.

We reversed and held "if absence of damage allegations alone was intended to be the basis for dismissal, it would have been improper at this stage of the proceedings, under the strict [Rule] 4:6-2(e) standards . . . because some damages were alleged." Id. at 394. We also concluded the plaintiff did not need to allege a special grievance because of the underlying criminal case.

Unlike Geyer, here there was no underlying criminal case, and the plaintiff did not allege the emotional distress and other economic damages the plaintiff

6                                                                                    A-1191-22

asserted in <u>Geyer</u>. Simply put, plaintiffs' complaint failed to allege a special grievance because it only alleged damages of counsel fees and costs.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1191-22