**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2933-21

DAVID F. LIPTON,

      Plaintiff-Appellant,

v.

TOWNSHIP COUNCIL OF
BERKELEY TOWNSHIP and
BERKELEY TOWNSHIP,

      Defendants-Respondents,

and

BERKELEY REDEVELOPERS,
LLC,

      Defendant/Intervenor-
      Respondent.

_____

        Argued January 24, 2024 – Decided April 2, 2024

        Before Judges Currier and Susswein.

        On appeal from the Superior Court of New Jersey, Law
        Division, Ocean County, Docket No. L-2614-21.

Jeffrey Jay Brookner argued the cause for appellant (Brookner Law Offices, LLC, attorneys; Jeffrey Jay Brookner, of counsel and on the brief).

John J. Novak argued the cause for respondents Township Council of Berkeley Township and Berkeley Township (The Law Offices of John J. Novak, PC, attorneys; John J. Novak, on the brief).

Irina B. Elgart argued the cause for respondent Berkeley Redevelopers, LLC (The Weingarten Law Firm, LLC, attorneys; Douglas K. Wolfson and Irina B. Elgart, of counsel and on the brief).

PER CURIAM

In this matter arising out of defendant Township Council of Berkeley Township's (Council) adoption of an ordinance to amend a redevelopment plan, plaintiff appeals from the February 18, 2022 order dismissing his complaint in lieu of prerogative writs. We affirm.

I.

In 2003, after several public hearings, the Council adopted a resolution delineating an area along the Route 9 corridor as one in need of redevelopment (Route 9 property). The area, comprised of approximately 425 acres, was described by the court as "a site of [environmental] contamination due to the operation of a" previous asphalt plant. It also contained an abandoned shopping center and was "in a general state of deterioration."

In 2009, the Township adopted a redevelopment plan for the site (2009 plan). Although a developer was designated to undertake the redevelopment, the remediation and development did not take place.

In 2015, the Township signed a redeveloper agreement with intervenor Berkeley Redevelopers, LLC. That same year, in the aftermath of the extensive damage caused by Hurricane Sandy, the Township ordered a reexamination of its Master Plan. A Master Plan Reexamination report (2015 report) was adopted by the Township in 2015. Because it was in response to the devastation caused by Hurricane Sandy, the 2015 report only "recommended minor changes in order to fine tune and synthesize existing planning concepts and goals."

In 2019, the Township reexamined its 2015 report and adopted a new Master Plan Reexamination report (2019 report). The 2019 report recommended the consideration of alternate development patterns and revisions to the zoning requirements of the redevelopment plan regarding the Route 9 property.

In response to the 2019 report, the Township presented an ordinance to amend the 2009 redevelopment plan. On June 28, 2021, during a public hearing, the ordinance was read by title as copies had been made available to the public upon request. The ordinance had been posted on the bulletin board in the Town Hall and published in the newspaper as required under N.J.S.A. 40:49-2.1(a).

  A-2933-21

Although members of the public were invited to speak for or against the adoption of the proposed ordinance, no one did. The Council voted to approve the ordinance.

In August 2021, the Township reintroduced the amendment of the redevelopment plan under a new ordinance after plaintiff complained about a lack of notice and an insufficient opportunity to object. The new ordinance repealed and replaced the prior ordinance adopted in June. It also added additional design standards for the property. The appropriate notices were published twice in the newspaper. Plaintiff testified during the public hearing.[1] On August 23, 2021, the Council adopted the ordinance approving the amended redevelopment plan.

II.

Plaintiff filed a nine-count complaint in lieu of prerogative writs in the Law Division. He subsequently filed an amended complaint. Plaintiff generally alleged the Council did not follow procedural and substantive requirements under the Local Redevelopment and Housing Law, N.J.S.A. 40A:12A-1 to -89,

---

[1] During oral argument before the trial court on February 4, 2022, plaintiff referenced the use of transcripts in the preparation of his complaint. Plaintiff also refers to transcripts in his complaint. However, plaintiff did not provide the transcripts of the public hearings on the ordinances to either the trial court or this court.

as well as other land-use statutes, regulations, and ordinances in its adoption of the amended redevelopment plan. The court permitted Berkeley Redevelopers to intervene in the action.

Defendants and Berkeley Redevelopers filed motions to dismiss the complaint for failure to state a claim under Rule 4:6-2(e). After hearing oral argument, the court granted the motions in an oral decision and accompanying orders on February 18, 2022.

In the first count, plaintiff asserted the ordinance was invalid because it was vague, and the notices were insufficient to satisfy his due process rights. After reviewing the notices, the court found they were "adequate," "provided notice that the [o]rdinance was introduced and passed on first reading in a regular meeting of the . . . Council," "that [the ordinance] would be considered on second reading and final passage on August 23, 2021," and the notices advised the public the ordinance "would repeal and replace" the prior ordinance. The court further noted the notice was published in a newspaper in general circulation in the area and was placed on the Township website and its bulletin board. Therefore, the court concluded the notice complied with the Municipal Land Use Law, N.J.S.A. 40:55D-1 to -163, and N.J.S.A. 40:49-2 and -2.1(a)

5

notice requirements. As plaintiff had not stated a claim, the court dismissed count one.

In count two, plaintiff contended the ordinance was illegal spot zoning because it "was drafted for the purpose of appeasing . . . one potential tenant" who could ultimately build a warehouse on the property. In dismissing count two, the court noted the ordinance as a whole was enacted to "advance the general welfare and include[d] a comprehensive plan." The court cited to Gallo v. Mayor of Lawrence Township, 328 N.J. Super. 117, 127 (App. Div. 2000), and found that even if an ordinance was proposed by a person or entity that might ultimately benefit from it, that is not impermissible spot zoning. The court dismissed count two.

Under count three of the complaint, plaintiff alleged the Council improperly exercised its discretion to amend the redevelopment plan because the 2015 plan was missing certain language from the 2009 redevelopment plan. Specifically, the 2015 plan did not include the provision that stated, "any amendment to the redevelopment plan that materially affected the terms and conditions of the redevelopment agreement between Berkeley Redevelopers and the Township [was] . . . contingent upon [the] amendment of the redeveloper agreement."

6 A-2933-21

The court noted a municipal governing body is accorded wide discretion regarding amendments made to original plans. In addition, the language was in place to protect the redeveloper, and Berkeley Redevelopers could waive the provision if it chose to do so. The court dismissed count three as it did not set forth a cognizable cause of action.

In count four, plaintiff alleged the ordinance was contrary to the goals of the 2009 redevelopment plan and the 2015 redevelopment agreement. The court found the allegations were related to site plan development issues and did not address any deficiency in the ordinance or the redevelopment plan. Count four was dismissed.

Plaintiff contended in count five that the ordinance amounted to "contract zoning" and there may have been negotiations that occurred outside of the open meetings. In dismissing the count, the court stated, "[T]he law recognizes that so long as the [Council] proceeds in the best interest of the public, . . . the fact that they may be making modifications or amendments to accommodate a potential beneficiary of that is not in and of itself improper contract zoning."

In counts six, seven, and eight, plaintiff alleged violations of the Open Public Meetings Act (OPMA), N.J.S.A. 10:4-6 to -21. He contended the Council refused to answer the public's questions regarding traffic and congestion, it

7

failed to act fairly and objectively, and the Council did not discuss or read the law he proffered. In dismissing the counts, the court stated, "[I]t's clear that at every step of the way the public had an opportunity, including . . . plaintiff, to participate in those hearings," and the Council had discretion as to how it conducted the hearings. The court found that plaintiff had an opportunity to testify and express his views in opposition to the amendment. Therefore, his due process rights were not violated. Furthermore, some of the issues raised by plaintiff in these counts appeared to be issues that would be considered by a planning board with regard to a specific application.

In count nine, plaintiff contended Berkeley Redevelopers had "to obtain a use variance in connection with this process." The court dismissed the count, finding the issue of whether a variance was required for a specific application would be determined by the appropriate land use body such as the planning board or board of adjustment.

A subsequent motion for reconsideration was denied. Plaintiff only appeals from the February 18, 2022 order in the Notice of Appeal. He did not raise any issues regarding the reconsideration motion in his appellate brief.

A-2933-21

III.

On appeal, plaintiff contends the court erred in dismissing his complaint and, if the pleadings were insufficient, the complaint should have been dismissed without prejudice.

Our review of a Rule 4:6-2(e) motion to dismiss for failure to state a claim upon which relief can be granted is de novo. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)). In considering the motion, "[a] reviewing court must examine '"the legal sufficiency of the facts alleged on the face of the complaint,"' giving the plaintiff the benefit of '"every reasonable inference of fact."'" Ibid. (quoting Dimitrakopoulos, 237 N.J. at 107). The test for determining the adequacy of a pleading is "whether a cause of action is 'suggested' by the facts." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)).

A motion to dismiss "should only be granted in 'the rarest of instances.'" Kieffer v. High Point Ins. Co., 422 N.J. Super. 38, 43 (App. Div. 2011) (quoting Printing Mart-Morristown, 116 N.J. at 772). However,

> a dismissal with prejudice is "mandated where the factual allegations are palpably insufficient to support

9

a claim upon which relief can be granted," <u>Rieder v. State, Dep't of Transp.</u>, 221 N.J. Super. 547, 552 (App. Div. 1987), or if "discovery will not give rise to such a claim," <u>Dimitrakopoulos</u>, 237 N.J. at 107.

[<u>Mac Prop. Grp. LLC v. Selective Fire & Cas. Ins. Co.</u>, 473 N.J. Super. 1, 17 (App. Div. 2022) (citations reformatted), <u>certif. denied</u>, 252 N.J. 258 <u>and</u> 252 N.J. 261 (2022).]

In applying these principles to the trial court's determination of defendants' <u>Rule</u> 4:6-2(e) motion, we are satisfied the court carefully searched the complaint and correctly determined the allegations in each count did not support a cause of action. The court discussed each count in turn and its reasons for dismissal. In addition, considering the nature of the allegations, the court's decision to dismiss the complaint with prejudice was appropriate as any amendment would be futile. <u>See</u> <u>id.</u> at 34.

We affirm substantially for the reason expressed by the court in its February 18, 2022 oral decision. We add only the following comments.

As to count one, plaintiff's allegations regarding the lack of notice lacked any merit. The notice was compliant with N.J.S.A. 40:49-2.1(a).

Under count two, the court correctly noted that under <u>Gallo</u>, "[a]n ordinance enacted to advance the general welfare by means of a comprehensive plan is unobjectionable even if the ordinance was initially proposed by private

parties and these parties are in fact its ultimate beneficiaries." 328 N.J. Super. at 127 (alteration in original) (quoting Taxpayers Ass'n of Weymouth Twp., Inc., v. Weymouth Twp., 80 N.J. 6, 18 (1976)).

The redevelopment of this property, described as contaminated, deteriorating, and in need of comprehensive remediation, will clearly benefit the Township and its residents. Therefore, plaintiff has not established a cause of action of impermissible spot zoning.

The allegations in count three, that the Council improperly exercised its discretion in passing an ordinance amending the redevelopment plan, lack all merit. "[A] municipality's adoption of . . . a redevelopment plan[] is a discretionary decision . . . ." Powerhouse Arts Dist. Neighborhood Ass'n v. City Council of Jersey City, 413 N.J. Super. 322, 332 (App. Div. 2010). "A court will uphold such an exercise of discretion unless 'arbitrary or capricious, contrary to law, or unconstitutional.'" Ibid. (quoting Downtown Residents for Sane Dev. v. City of Hoboken, 242 N.J. Super. 329, 332 (App. Div. 1990)).

Plaintiff presented no facts to support a claim that the action was arbitrary, capricious, or illegal. To the contrary, N.J.S.A. 40A:12A-9 does not require that a redevelopment plan be amended to have similar provisions as the redeveloper's agreement. Bryant v. City of Atlantic City, 309 N.J. Super. 596, 618 (App. Div.

11

1998).  And Berkeley Redevelopers did not object to the discrepancy between the amended redevelopment plan and the redevelopers agreement.

Under count four, plaintiff again challenged the Township's discretionary decision to adopt a redevelopment plan.  As stated, municipalities have discretion to amend redevelopment plans.  Powerhouse Arts, 413 N.J. Super. at 332.  Modifications are not only common but also necessary due to the changing needs of a municipality, the passage of time, different marketing conditions, and even acts of nature, such as Hurricane Sandy in this case.

In count five, plaintiff alleged the ordinance was contract zoning and "there may have been negotiations which did not occur in an open meeting."  Contract zoning is an improper action

> by the governing body of the municipality, by contract with a property owner, to authorize the property owner to use [their] property in contravention of the zoning ordinance and without compliance with the statutorily established procedures for either obtaining a zoning variance or an amendment to the master plan and zoning ordinance.
>
> [Cox & Koenig, New Jersey Zoning & Land Use Administration, § 10-8.2(b), at 138 (2024).]

Plaintiff cannot support this proposed cause of action as he presented no evidence that when the Council adopted the ordinance, they were engaging in

backroom negotiations in an attempt to circumvent the established procedural safeguards.

Plaintiff alleges OPMA violations under counts six, seven and eight. The allegations are without merit. Under N.J.S.A. 10:4-7, "the right of the public to be present at all meetings of public bodies, and to witness in full detail all phases of the deliberation, policy formulation, and decision making of public bodies, is vital to the enhancement and proper function of the democratic process." However, "public bodies are given discretion in how to conduct their meetings." Kean Fed'n of Tchrs. v. Morell, 233 N.J. 566, 571 (2018) (citing N.J.S.A. 10:4-12(a)).

N.J.S.A. 10:4-12(a) states:

> Nothing in this act shall be construed to limit the discretion of a public body to permit, prohibit, or regulate the active participation of the public at any meeting, except that a municipal governing body . . . shall be required to set aside a portion of every meeting of the municipal governing body . . . , the length of the portion to be determined by the municipal governing body . . . , for public comment on any governmental . . . issue that a member of the public feels may be of concern to the residents of the municipality . . . .

There were several public meetings on the ordinance, which plaintiff attended and voiced his concerns. The Township's Planning Board and the Council had discretion on how long a resident could speak. The Council also

13

has the discretion to determine what arguments and evidence it deems relevant. Asserting the Council had a difference of opinion regarding plaintiff's claims and concerns is not sufficient to establish a cause of action under OPMA. As the trial court found, the Council had the discretion to run the meeting in the manner it saw fit.

The court correctly dismissed plaintiff's contention in count nine that Berkeley Redevelopers was required to obtain a use variance in connection with this process. It is well established that New Jersey has a strong preference for municipal land use redevelopment by comprehensive planning, effectuated through ordinances, rather than by use variance. Price v. Himeji, LLC, 214 N.J. 263, 284 (2013).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2933-21