**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3488-23

STEVEN FERRARA,

    Plaintiff-Appellant,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendant-Respondent.

_____

Argued May 7, 2025 – Decided July 11, 2025

Before Judges Currier, Marczyk, and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-2374-20.

Kenneth W. Thomas argued the cause for appellant (Lanza Law Firm, LLP, attorneys; Kenneth W. Thomas, of counsel and on the briefs).

Richard J. Williams, Jr. argued the cause for respondent (McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys; Richard J. Williams, Jr., of counsel and on the brief; Colden R. Gosselin, on the brief).

PER CURIAM

Before us for a second time, this matter arises out of an automobile accident in which plaintiff sustained injuries and subsequently sued the vehicle's insurer, defendant Government Employees Insurance Company (GEICO). Pertinent to this appeal, plaintiff asserted that GEICO acted in bad faith in refusing to pay, and in making untimely payments of personal injury protection (PIP) benefits to him, which prevented him from receiving the necessary medical treatment in a timely manner. The first trial judge dismissed the PIP counts, relying on Endo Surgi Center, P.C. v. Liberty Mutual Insurance Co., 391 N.J. Super. 588 (App. Div. 2007).

On appeal from the dismissal, we agreed and concluded plaintiff's exclusive remedies for the wrongful denial of PIP benefits were limited to interest and attorney's fees. Ferrara v. GEICO, No. A-1931-20 (App. Div. June 10, 2022) (slip op. at 17). We remanded "to allow plaintiff, to the extent supported by the record, to amend his complaint to advance an independent tort claim as discussed in Endo Surgi Center, . . . and any other cause of action that may exist." Ibid. We ordered any cognizable PIP claim to proceed in arbitration. Ibid.

On remand, the trial court permitted plaintiff to amend his complaint to assert bad faith claims against GEICO arising out of its handling of plaintiff's PIP claim. GEICO moved to dismiss the complaint under Rule 4:6-2(e). The second trial judge granted the motion, finding this court had addressed the issue and determined plaintiff could only pursue a claim concerning PIP benefits as an independent tort arising from egregious conduct by GEICO. As plaintiff had not alleged such conduct, the PIP counts were dismissed.

Plaintiff did not present any new tortious claims in the amended complaint. Therefore, we abide by the prior panel's determination regarding the PIP counts—that Endo Surgi Center is dispositive of the PIP issue. The only statutory remedies available to plaintiff for a failure to pay or a delay in processing PIP benefits are the payment of those benefits, with interest and attorney's fees. See N.J.S.A. 39:6A-5(h); Milcarek v. Nationwide Ins. Co., 190 N.J. Super. 358, 365-70 (App. Div. 1983).

I.

In this second appeal, plaintiff contends the trial court erred in dismissing the amended complaint under the law of the case doctrine because we previously permitted him "to assert any claim[] that may exist." He relies upon an unpublished case from this court to support his contention that a claim of bad

A-3488-23

faith for delay in authorizing medical treatment under the PIP statute is a cognizable claim.

Our review of a Rule 4:6-2(e) motion to dismiss for failure to state a claim upon which relief can be granted is de novo. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)). We "must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Ibid. (quoting Dimitrakopoulos, 237 N.J. at 107). The test for determining the adequacy of a pleading is "whether a cause of action is 'suggested' by the facts." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)).

"Dismissals under Rule 4:6-2(e) are ordinarily without prejudice." Mac Prop. Grp. LLC v. Selective Fire & Cas. Ins. Co., 473 N.J. Super. 1, 17 (App. Div. 2022). "[A] dismissal with prejudice is 'mandated where the factual allegations are palpably insufficient to support a claim upon which relief can be granted,' Rieder v. State, 221 N.J. Super. 547, 552 (App. Div. 1987), or if 'discovery will not give rise to such a claim,' Dimitrakopoulos, 237 N.J. at 107." Ibid. (citations reformatted).

In dismissing the PIP counts in the amended complaint, the second trial judge issued a cogent statement of reasons accompanying the June 7, 2024 order, stating:

> The [c]ourt holds that applying the law of the case doctrine is appropriate here. []An appellate remand is not an opportunity to reassert the same legal claims that were raised in the first appeal, absent a change in the controlling law or newly discovered facts.[] Here, [plaintiff] argues that the [A]ppellate [C]ourt's decision permitted him to pursue on remand any cause of action that may exist. [Plaintiff] now seeks to assert in [c]ount [f]ive of the [f]irst [a]mended [c]omplaint a bad faith claim that was recognized by another appellate panel [in an unpublished case] . . . . [Plaintiff] does so despite the [A]ppellate [C]ourt in this case expressly rejecting bad faith claims absent egregious circumstances. To that end, the [A]ppellate [C]ourt here acknowledged that "in the highly regulated area of personal injury protection, see N.J.S.A. 39:6A-5, that wrongful failure to pay benefits, wrongful withholding of benefits or other violation of the statute does not thereby give rise to a claim for punitive damages." [Ferrara, No. A-1931-20 (slip op. at 15) (quoting Endo Surgi Center, 391 N.J. Super. at 595)]. The [A]ppellate [C]ourt further explained that a plaintiff could, however, "pursue a claim for compensatory and punitive damages for an 'independent tort' committed by an insurance carrier in response to a claim for benefits, 'such as threats by the insurer's agents to kill the insured and the insured's children . . . ." Id. at 16 (quoting Endo Surgi Center, 391 N.J. Super. at 595). The [A]ppellate [C]ourt explained further that "[t]o the extent plaintiff alleges GEICO engaged in such egregious conduct, plaintiff may move to amend his complaint on remand to assert these claims. Id. at 16, n.5.

5

[Plaintiff] argues that his allegations in [c]ount [f]ive are like those that were permitted to proceed in [the unpublished case], which allege bad faith "processing" of PIP claims, rather than bad faith denial of PIP benefits. . . . [A]n unpublished decision . . . has no precedential value and squarely contradicts the appellate court's decision in this case. Moreover, the appellate court in this case rejected any bad faith PIP claim, and instead, embraced the well-settled principle that bad faith claims involving PIP benefits must be addressed in arbitration.

Notwithstanding the [A]ppellate [C]ourt's decision here, [plaintiff] seeks to make a distinction where one does not exist at law. [Plaintiff] asserts that the [A]ppellate [C]ourt here did not consider whether he could pursue a bad faith delay claim. But the [A]ppellate [C]ourt here made clear that the only common law claim that it would recognize for compensatory and punitive damages involving PIP benefits would be an independent tort claim arising from egregious conduct by [defendant]. Even the most liberal reading of the [f]irst [a]mended [c]omplaint fails to reveal a single allegation of egregious conduct by [defendant] that would give rise to the type of independent tort claim the appellate court contemplated here. Accordingly, [plaintiff's] [f]irst [a]mended [c]omplaint fails to state a claim under which relief may be granted.

We discern no error in the trial court's determination that plaintiff's contentions against GEICO alleging bad faith conduct in handling his PIP claim were addressed by this court in the first appeal and could not be reasserted on remand.

6

II.

The law of the case doctrine is a "non-binding rule intended to 'prevent re[-]litigation of a previously resolved issue.'" Lombardi v. Masso, 207 N.J. 517, 538 (2011) (quoting In re Est. of Stockdale, 196 N.J. 275, 311 (2008)). The doctrine "most commonly applies to the binding nature of appellate decisions upon a trial court if the matter is remanded for further proceedings, or upon a different appellate panel which may be asked to reconsider the same issue in a subsequent appeal." Brown v. Twp. of Old Bridge, 319 N.J. Super. 476, 494 (App. Div. 1999) (quoting Slowinski v. Valley Nat'l Bank, 264 N.J. Super. 172, 179 (App. Div. 1993)). "Where the rule is applied to a prior appellate decision in the same case, the doctrine is more stringent." Sisler v. Gannett Co., 222 N.J. Super. 153, 160 (App. Div. 1987).

In counts five and six of plaintiff's initial complaint, he alleged GEICO acted in bad faith in denying him PIP benefits, which "impaired [his] ability to receive adequate medical care." The first trial judge ordered the PIP claim to proceed in arbitration as required under N.J.S.A. 29:6A-5.1. The judge found, as PIP benefits are a statutory creature, plaintiff was limited to the remedies provided under the Automobile Insurance Cost Reduction Act, N.J.S.A. 39:6A-

1 to -35—the award of interest on overdue payments and attorney's fees to a prevailing claimant.

As stated above, we agreed with the first trial judge's analysis. However, we remanded to permit plaintiff to move to amend his complaint to assert an independent tort claim grounded in the type of limited "egregious conduct" articulated in Endo Surgi Center. Ferrara, slip op. at 16 n.5.

Plaintiff moved to amend his complaint, and relied on an unpublished opinion from this court to allege bad faith against GEICO arising out of its handling of the PIP claim. However, an unpublished case does not "constitute precedent" and is not "binding upon any court." R. 1:36-3.

Plaintiff also alleged bad faith against GEICO arising out of its handling of the PIP claim, under Endo Surgi Center. But plaintiff did not present any allegations of egregious conduct.

As the second trial judge found, the counts in the amended complaint reasserted allegations of bad faith conduct against GEICO, which this court already stated were not cognizable claims. As the first panel addressed the PIP benefits issue, the law of the case doctrine bars any further consideration of the contention. The trial court did not err in dismissing the amended complaint.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

8

A-3488-23